# EXHIBIT 1

 **JUDGE KOELTL**    CIVIL COVER SHEET    **07 CIV 7371**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS** M. SHANKEN COMMUNICATIONS, INC.

**DEFENDANTS** CIGAR500.COM, INC.
ANTHONY MASCIANGELO
MONIQUE MASCIANGELO

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
REED SMITH LLP, 599 LEXINGTON AVE. NEW YORK
NY 10024    212-521-5400

**ATTORNEYS (IF KNOWN)**
UNKNOWN

RECEIVED AUG 2007 CASHIERS U.S.D.C. S.D.N.Y.

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
17 U.S.C. Sec. 501, 502, 504; 15 U.S.C. Sec. 1114, 1125: COPYRIGHT AND TRADEMARK INFRINGEMENT BASED
UPON DEFENDANTS' UNAUTHORIZED USE OF PLAINTIFFS' INTELLECTUAL PROPERTY ON THEIR WEBSITE

Has this or a similar case been previously filed in SDNY at any time? No ☒ Yes? ☐  Judge Previously Assigned

If yes, was this case Vol.☐ Invol.☐ Dismissed. No☐ Yes ☐  If yes, give date _____ & Case No. _____

**(PLACE AN [x] IN ONE BOX ONLY)**    **NATURE OF SUIT**

ACTIONS UNDER STATUTES

**TORTS**

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 610 AGRICULTURE | [ ] 422 APPEAL 28 USC 158 | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 620 FOOD & DRUGS | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | | [ ] 430 BANKS & BANKING |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | | [ ] 630 LIQUOR LAWS | PROPERTY RIGHTS | [ ] 450 COMMERCE/ICC RATES/ETC. |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | [ ] 640 R.R. & TRUCK | [ ] 820 COPYRIGHTS | [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 650 AIRLINE REGS | [ ] 830 PATENT | [ ] 480 CONSUMER CREDIT |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 660 OCCUPATIONAL SAFETY/HEALTH | [ ] 840 TRADEMARK | [ ] 490 CABLE/SATELLITE TV |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 690 OTHER | SOCIAL SECURITY | [ ] 610 SELECTIVE SERVICE |
| [ ] 160 STOCKHOLDERS SUITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 650 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 190 OTHER CONTRACT | | | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 862 BLACK LUNG (923) | [ ] 675 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 863 DIWC (405(g)) | [ ] 891 AGRICULTURE ACTS |
| [ ] 196 FRANCHISE | | | [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 864 SSID TITLE XVI | [ ] 892 ECONOMIC STABILIZATION ACT |
| | | | [ ] 740 RAILWAY LABOR ACT | [ ] 865 RSI (405(g)) | [ ] 893 ENVIRONMENTAL MATTERS |
| **REAL PROPERTY** | **ACTIONS UNDER STATUTES** | | [ ] 790 OTHER LABOR LITIGATION | FEDERAL TAX SUITS | [ ] 894 ENERGY ALLOCATION ACT |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 EMPL RET INC SECURITY ACT | [ ] 870 TAXES | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 220 FORECLOSURE | [ ] 442 EMPLOYMENT | [ ] 530 HABEAS CORPUS | | | |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 443 HOUSING ACCOMMODATIONS | [ ] 535 DEATH PENALTY | | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 240 TORTS TO LAND | [ ] 444 WELFARE | [ ] 540 MANDAMUS & OTHER | | | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 550 CIVIL RIGHTS | | | |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 555 PRISON CONDITION | | | |
| | [ ] 440 OTHER CIVIL RIGHTS | | | | |

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE.

DEMAND $_____    OTHER _____    JUDGE _____    DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO    NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| (PLACE AN *x* IN ONE BOX ONLY) | | ORIGIN | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2a. Removed from State Court<br>☐ 2b. Removed from State Court AND at least one party is a pro se litigant | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN *x* IN ONE BOX ONLY) | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441) |
|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT | ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☐ 4 DIVERSITY | |

### CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

M. SHANKEN COMMUNICATIONS, INC., 387 Park Avenue South, New York, New York, 10016
New York County

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

CIGAR500.COM, INC., 3883 Hwy 7, Suite #3 Woodbridge, Ontario L4L 6C1 CANADA (York County)

ANTHONY MASCIANGELO, 74 Simcoe Rd. Kettleby, Ontario L0G 1J0 CANADA (York County)

MONIQUE MASCIANGELO, 74 Simcoe Rd. Kettleby, Ontario L0G 1J0 CANADA (York County)

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

| Check one: | THIS ACTION SHOULD BE ASSIGNED TO: (DO NOT check either box if this a PRISONER PETITION.) | ☐ WHITE PLAINS | ☒ FOLEY SQUARE |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
| RECEIPT # | *[signature]* | [ ] NO<br>[x] YES (DATE ADMITTED Mo. 4   Yr. 1980 )<br>Attorney Bar Code # PR 3029 |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

08/17/2007 15:56 FAX 12126082333    RAPID_RELIABLE    @006

JUDGE KOEITL

Peter D. Raymond  (PR 3029)
John B. Webb  (JW 9624)
Wallace B. Neel  (WN 0038)
REED SMITH LLP
599 Lexington Avenue, 28th Floor
New York, New York 10022
(212) 521-5400
Attorneys for Plaintiff M. Shanken Communications, Inc.



07 CIV 7371

RECEIVED
AUG 17 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| M. SHANKEN COMMUNICATIONS, INC., | x |
| Plaintiff, | Civ. No. _____ |
| -against- | |
| CIGAR500.COM INC., ANTHONY MASCIANGELO, AND MONIQUE MASCIANGELO, | M. SHANKEN COMMUNICATIONS INC.'S STATEMENT PURSUANT TO FED. R. CIV. P. 7.1 |
| Defendants. | |
|  | x |

Pursuant to Fed. R. Civ. P. 7.1, and to enable Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel of record for Plaintiff M. Shanken Communications, Inc. ("Shanken") hereby certifies that Shanken does not have a parent corporation and that no publicly-held corporation owns 10% or more of its stock.

Dated: New York, New York
         August 17, 2007

REED SMITH LLP

By: _____
         Peter D. Raymond (PR 3029)
         John B. Webb (JW 9624)
         Wallace B. Neel (WN 0038)
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Plaintiff*
*M. Shanken Communications, Inc.*

08/17/2007 15:55 FAX 12120082333          RAPID_RELIABLE                      ☑004

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
| --- | --- | --- |

M. SHANKEN COMMUNICATIONS INC,
           Plaintiff,

          V.

CIGAR500.COM INC., ANTHONY
MASCIANGELO, AND MONIQUE
MASCIANGELO,
          Defendants.

### SUMMONS IN A CIVIL ACTION

CASE NUMBER:

# 07 CIV 7371

# JUDGE KOELTL

TO: (Name and address of Defendant)

| CIGAR500.COM, INC., | MONIQUE MASCIANGELO, | ANTHONY |
| 3883 Hwy 7, Suite #3 | 74 Simcoe Rd. Kettleby, | MASCIANGELO |
| Woodbridge, Ontario L4L 6C1 | Ontario L0G 1J0 | 74 Simcoe Rd. |
| CANADA (York County) | CANADA (York County) | Kettleby, Ontario L0G 1J0 |
| | | CANADA (York County) |

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Peter Raymond, Esq.
    REED SMITH LLP
    599 Lexington Avenue
    New York, New York 10022

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                      AUG 1 7 2007

_____              _____
CLERK                                  DATE

_____
(BY) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|
| | | |

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
               Date               *Signature of Server*

                               _____
                               *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

08/17/2007 15:56 FAX 12126082333    RAPID_RELIABLE    ☒005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 7371

-------------------------------- x

M. SHANKEN COMMUNICATIONS, INC.,

    Plaintiff,

Civ. N. JUDGE KOELTL

-against-

CIGAR500.COM INC., ANTHONY
MASCIANGELO, AND MONIQUE
MASCIANGELO,

COMPLAINT RECEIVED

AUG 17 2007

U.S.D.C. S.D.N.Y.
CASHIERS

    Defendants.

-------------------------------- x

    Plaintiff M. Shanken Communications, Inc. ("Shanken"), by and through its undersigned

counsel, Reed Smith LLP, for its Complaint against Cigar500.com, Inc. ("Cigar500.com"),

Anthony Masciangelo, and Monique Masciangelo (collectively, "Defendants," and each a

"Defendant"), alleges:

## NATURE OF ACTION

    1.    Shanken is the publisher of *Cigar Aficionado*, a magazine dedicated to the world

of cigars, and the owner of several federally-registered trademarks and numerous copyrights

relating to that magazine. Shanken brings this action against Defendants for blatant infringement

of those trademarks and copyrights in advertising, marketing, and sales, including through their

operation of an online retailing website with the URL address of "http://www.Cigar500.com".

    2.    Defendants' illegal use of Shanken's trademarks and copyrights violates federal

trademark and copyright law, and various state laws, and has caused marketplace confusion over

whether Shanken endorses Cigar500.com and over whether Shanken encourages consumers to

violate the federal Trading with the Enemy Act, 12 U.S.C. § 95a. Defendants' unauthorized and

unlawful use of Shanken's intellectual property in this manner has caused and continues to cause

substantial injury to Shanken's business, reputation, and bottom line. As a result, Shanken is

entitled to injunctive relief and monetary damages, as well as recovery of its attorneys' fees based upon Defendants' willful, deliberate and reckless conduct.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391 (b)-(d) because the alien Defendants are subject to personal jurisdiction and, therefore, are deemed to reside and may be found in this District and because a substantial portion of the events or acts complained of occurred within this District.

## PARTIES

5.      Plaintiff Shanken is a New York corporation with its principal place of business at 387 Park Avenue South, New York, New York, 10016. Shanken is in the magazine publishing business, and has developed several well-known and well-regarded titles, including *Wine Spectator* and *Cigar Aficionado*. In particular, *Cigar Aficionado* has built a reputation as being an authoritative source of information for cigar smokers.

6.      Upon information and belief, Defendant Cigar500.com is a Canadian corporation which has its principal place of business in Woodbridge, Ontario, Canada, and which maintains an Internet web site at www.Cigar500.com. Upon information and belief, Defendant Cigar500.com is in the business of selling Cuban cigars as an online retailer and otherwise.

7.      Upon information and belief, Defendant Anthony Masciangelo is a resident of Canada and a principal of Cigar500.com. A WHOIS search for the domain name "www.Cigar500.com" conducted on the informational website NetworkSolutions.com produces a result listing one Anthony Masciangelo of Kettleby, Ontario, Canada as the "Administrative Contact" and "Technical Contact" for that domain name.

8.     Upon information and belief, Defendant Monique Masciangelo is a resident of Canada and a principal of Cigar500.com. A WHOIS search for the domain name "Cigar500.com" conducted on the informational website NetworkSolutions.com produces a result listing one Monique Masciangelo of Kettleby, Ontario, Canada as the "Registrant" of that domain name.

9.     A WHOIS search for the domain name "Cigar500.com" conducted on the informational website NetworkSolutions.com produces a result listing the IP Location of "Cigar500.com" as Fort Lauderdale, Florida, USA.

## SHANKEN'S COPYRIGHTED INTELLECTUAL PROPERTY

10.     Shanken is the owner of all right, title, and interest, including all copyrights, in and to an original publication that consists of the May/June 2007 issue of *Cigar Aficionado* magazine, volume 15, number 4, (the "Work"), which was published by Shanken in April 2007.

11.     The Work contains wholly original material and constitutes copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, as amended (the "Copyright Act").

12.     The front cover of the Work is distinctive in appearance, in that it bears an artistic rendering of two palm trees against a blue sky, with the caption "CUBA TOMORROW." The front cover of the Work also bears as a trademark a stylized rendering of the words "CIGAR AFICIONADO."

13.     Page 128 of the Work contains a column listing several Cuban cigars and the *Cigar Aficionado* "Rating" of each cigar on a scale of 1-100. Below each cigar's name and Rating is a brief narrative, or "tasting note," describing that particular cigar.

14.    Shanken has complied in all respects with the Copyright Act and all other laws covering copyright and has secured the exclusive rights and privileges under the copyright in and to the Work.

15.    The Work bears a copyright notice on page 214, as prescribed by 17 U.S.C. § 401.

16.    The Work is the subject of a Certificate of Copyright Registration issued by the Register of Copyrights on May 10, 2007, bearing registration number TX 6-567-937.  A copy of the Certificate of Registration application for registration is annexed hereto as Exhibit A.

**SHANKEN'S FEDERALLY REGISTERED TRADEMARKS AND SERVICE MARKS**

17.    Shanken is the owner of common law rights and federal registrations in a number of federally registered trademarks and service marks comprising the term CIGAR AFICIONADO, including:

| Registered Mark | Registration No., Services, Mark Drawing Code, and Date of Registration |
|---|---|
| CIGAR AFICIONADO | 2,131,128<br>Computer services, namely, providing on-line magazines in the field of cigars<br>WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM<br>January 20, 1998 |
| CIGAR AFICIONADO | 2,054,780<br>Magazines and Books Featuring the Subject of Cigars<br>WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM<br>April 22, 1997 |
| CIGAR AFICIONADO | 2,025,421<br>Publications, namely magazines, books, pamphlets newsletters, printed charts, journals, guides all on the subject of cigars<br>TYPED DRAWING<br>December 24, 1996 |

These registrations are valid and subsisting, unrevoked, uncancelled, and all have acquired incontestable status pursuant to 15 U.S.C. § 1065. Copies of Certificates of Registration relating to the three registrations listed above are annexed hereto as Exhibits B, C, and D, respectively. These three marks are collectively referred to herein as the "CIGAR AFICIONADO Marks."

18.    Advertising, promotion and offering of goods and services via use of the CIGAR AFICIONADO Marks by Shanken have been substantial over the years and, as a result, the CIGAR AFICIONADO Marks have acquired a substantial reputation of high quality for the goods and services as to which these marks have been and continue to be used.

19.    As a result of this long and continuous use, the CIGAR AFICIONADO Marks have individually and collectively come to identify Shanken's goods and services and distinguish them from those of others, and have come to represent and symbolize substantial goodwill belonging exclusively to Shanken.

20.    Over the many years that Shanken has used the CIGAR AFICIONADO Marks, Shanken has expended substantial sums in excess of $5,000,000 in advertising and promoting its services under the CIGAR AFICIONADO Marks. Such advertising has included Internet, television, radio, print advertising, including in such national newspapers as the New York Times and The Wall Street Journal, promotional and specialty items, trade shows, trade publications, and mailings sent directly to customers and potential customers. The CIGAR AFICIONADO Marks have been prominently displayed in all of these various types of advertising.

21.    The CIGAR AFICIONADO Marks now enjoy enormous consumer recognition and have become famous and as a result of their distinctiveness; the duration and extent of their use; the duration and extent of the advertising and publicity that utilized them; the geographical

extent of the trading area in which they are used; the channels of trade for the services with which they are used; the degree of recognition of the CIGAR AFICIONADO Marks in the trading areas and channels of trade in which the CIGAR AFICIONADO Marks are used; the insubstantial — if not non-existent — nature and extent of the use of marks similar to the CIGAR AFICIONADO Marks in connection with goods offered by third parties; and the registrations of the CIGAR AFICIONADO Marks for goods and services on the Principal Register.

<u>**DEFENDANTS' INFRINGEMENT OF THE WORK AND THE MARKS**</u>

22.    Defendants have infringed, and will likely continue to further infringe, Shanken's rights in and to the Work and the CIGAR AFICIONADO Marks by, among other things, prominently displaying the Work and the CIGAR AFICIONADO Marks on the www.Cigar500.com website, and incorporating the Work and the Marks into the website's promotion of Defendants' own goods in a manner that implies an endorsement of those goods by Shanken.  Defendants have committed all of those acts without authorization from Shanken or any other person or entity authorized to grant such authorization.

23.    In particular, the first page that appears if a user navigates to http://www.Cigar500.com (the "Home Page") is headed *Welcome Cigar Aficionado Readers!*

24.    The Home Page is subdivided into several "frames," and the top frame on the right side of the Home Page contains a photographic image of the front cover of the Work, under a paragraph of text that reads:

<u>**ON SALE!**</u>
**The 6 Cuban Cigars**
***Cigar Aficionado***
**Rated 91 or Better!**
**Click Here to ORDER NOW!**

25.    When the user "clicks here" as invited, he or she is redirected to a second web page (the "Offer Page") in the www.Cigar500.com domain.  The Offer Page also contains an image of the front cover of the Work.

26.    In addition to displaying an image of the front cover of the Work, the Offer Page bears the heading and text:

"RATED 91 OR BETTER BY CIGAR AFICIONADO.

6 AUTHENTIC
CUBAN CIGARS.

The 6 Cubans that Cigar Aficionado calls 'Outstanding'
showcase the best that Cuba has to offer."

27.    Approximately halfway down the Offer Page, a column appears under the heading "6 Top Cuban Cigar Sampler Includes 1 of each of the following."  The column contains six entries.  On the left side of each entry is a "Rating," and to the right of the "Rating" is a brief narrative describing each cigar, as follows:

RATED 97    **MONTECRISTO NO. 2**
The classic torpedo that no one can duplicate gives you all the cedar, spice, and tobacco character you can hope for.  Always draws like a dream.

RATED 96    **COHIBA SIGLO VI**
A combination of richness and finesse gives you just the right combination of power and class.  Cool smoke.

RATED 93    **MONTECRISTO EDMUNDO**
This gets better and better with lots of spicy cedar character and a full, rich finish.

RATED 93    **TRINIDAD ROBUSTO EXTRA**
The creamy texture and cedar notes say Cohiba, but the spicy, light earthy and vanilla flavors say Trinidad.

RATED 92    **HOYO DE MONTERREY PETIT ROBUSTO**
The Rich, toasty, and decadent character stimulates each taste bud in an elegant, creamy way.  Quick satisfaction.

RATED 91    **PARTAGAS SERIE D NO. 4**
This is now the biggest-selling Cuban robusto and always delivers plenty of spicy, earthy decadent character.  A classic Habano.

28.    Those six Ratings and narratives are <u>verbatim copies</u> of the Ratings and "tasting notes" contained on page 128 of the Work.

29.    The Home Page and the Offer Page printed out from the www.Cigar500.com web site, displaying the Work and the CIGAR AFICIONADO Marks, are annexed hereto as Exhibits E and F, respectively.

30.    A copy of the front cover of the Work and page 128 of the Work are annexed hereto as Exhibits G and H, respectively.

31.    This wrongful conduct by Defendants, including their use of unauthorized copies of substantial portions of the Work, violates Shanken's exclusive rights under Section 106 of the Copyright Act (17 U.S.C. § 106) to reproduce, distribute, and prepare derivative works based on the Work.

32.    This wrongful conduct by Defendants including their unauthorized use in commerce of names and marks confusingly similar or identical to Shanken's federally registered marks, in connection with the advertising, promotion, marketing, offering for sale, and retail sale of cigars, which is likely to cause confusion and mistake and deceive members of the public and trade as to the origin, sponsorship and affiliation of Defendants' products and business, in violation of 15 U.S.C. § 1114.

33.    Additionally, the Offer Page declares that

All Cuban cigars advertised on Cigar500.com are guaranteed original Cubans.  Your cigar order will arrive in original factory

boxes. Every box is authenticated and sealed with the original
Republic of Cuba "Original National Warranty Seal for Cigars and
Cut Tobacco" from the originating factory in Cuba.

**GUARANTEED DELIVERY IN THE USA**

34.    Under the Trading with the Enemy Act, 12 U.S.C. § 95a, it has been a crime to

import Cuban cigars into the United States since 1963.

35.    Shanken warns *Cigar Aficionado* readers of this fact on its own webpage,

cigaraficionado.com:

> The law prohibiting the importing of Cuban cigars has existed for
> decades, but many cigar smokers remain confused over its details;
> a common misperception is that it's legal to import up to 100
> Cuban cigars, and that they can come from any source country.
> The answers are no, and no. Customs has a Cuban cigar update on
> its Web site restating how the U.S. embargo against Cuba affects
> the importation of Cuban cigars.

36.    The cigaraficionado.com website also warns readers that importing Cuban cigars

into the United States from <u>any</u> country is illegal:

> If you stop in a third country, or purchase Cuban goods in a third
> country (say, Canada), you cannot bring any Cuban products into
> the United States.

37.    By using the Work and the CIGAR AFICIONADO Marks to advertise

"guaranteed original Cuban[]" cigars which are "GUARANTEED" to be delivered to the

consumer "IN THE USA," Defendants are falsely asserting that Shanken endorses the

commission of federal felonies, and are unlawfully associating Shanken's name, the Work, and

the CIGAR AFICIONADO Marks with criminal behavior. Based on the foregoing, Defendants'

apparent criminal activities are clearly targeted towards consumers in the United States.

38.    Upon information and belief, the www.Cigar500.com website continues to be

accessible on the Internet.

39.     Defendants' infringement of Shanken's rights in and to the Work, including the copyright in and to the Work, has been and continues to be knowing, willful, and egregious and constitutes intentional or reckless disregard of Shanken's rights as copyright holder in and to the Work.

40.     Defendants' infringement of Shanken's rights in and to the CIGAR AFICIONADO Marks, including the trademark of the CIGAR AFICIONADO Marks, has been and continues to be knowing, willful and egregious and constitutes intentional or reckless disregard of Shanken's rights as registrant and owner of the CIGAR AFICIONADO Marks.

41.     Defendants' wrongful conduct has caused and is continuing to cause Shanken to suffer monetary damages in an amount to be determined at trial.

42.     In addition, Defendants' wrongful conduct is causing Shanken immediate and irreparable injury and will continue to cause Shanken irreparable injury and unfairly benefit Shanken unless enjoined by this Court.

43.     Shanken has no adequate remedy at law against Defendants' continued unlawful use of the Work and the CIGAR AFICIONADO Marks.

### FIRST CLAIM
### (Copyright Infringement, 17 U.S.C. §§ 501, 502 & 504(b))

44.     Shanken repeats the allegations in paragraphs 1 through 43.

45.     Shanken is the owner of the exclusive copyright in the Work.

46.     The Register of Copyrights issued Shanken a Certificate of Copyright Registration on May 10, 2006, bearing registration number TX 6-567-937.

47.     Defendants have placed images of the Work on their website, www.Cigar500.com.

48.     Defendants have placed excerpts of the Work on their website, www.Cigar500.com.

49.     Defendants have never received authorization from Shanken or any person authorized by him to use any image or excerpt of the Work on their website.

50.     Defendants' use of the Work on their website has infringed, and continues to infringe, upon Shanken's copyright in the Work.

51.     Shanken is entitled to actual damages under 17 U.S.C. § 504.

52.     Defendants' infringement of Shanken's copyright in the Work was willful.

53.     Shanken is entitled to statutory damages under 17 U.S.C. § 504 of up to $150,000 per occurrence.

54.     Shanken is entitled to attorneys' fees and costs related to this matter under 17 U.S.C. § 505.

55.     Shanken is entitled to injunctive relief pursuant to 17 U.S.C. § 502 to prevent Defendants from continuing to infringe upon its copyright in the Work, because injunctive relief is reasonable and is required to prevent or restrain continuing infringement.

## SECOND CLAIM
### (Lanham Act Trademark Infringement, 15 U.S.C. §§ 1114, § 1116)

56.     Shanken repeats the allegations in paragraphs 1 through 55.

57.     Shanken is the owner of federal trademark registrations for the CIGAR AFICIONADO Marks.

58.     By its registration and extensive use and promotion of the CIGAR AFICIONADO Marks, Shanken has established a strong association in the public mind between the CIGAR AFICIONADO Marks and the goods and services offered by Shanken.

- 11 -

59.     Without Shanken's authorization or consent, Defendants have used reproductions or copies of the CIGAR AFICIONADO Marks in connection with the offering for sale, distribution, or advertisement of Defendants' own goods and services.

60.     Without Shanken's authorization or consent, Defendants have applied a reproduction or copy of the CIGAR AFICIONADO Marks to advertisements used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services, in a manner that is likely to cause confusion, mistake, or deception.

61.     Defendants' acts of offering for sale goods and services using Shanken's CIGAR AFICIONADO Marks have, upon information and belief, caused actual confusion, mistake and deception among relevant consumers and have deceived the relevant public into believing that Defendants' goods and services are associated with Shanken, all to the damage and detriment of Shanken's reputation, goodwill and sales.

62.     Defendants' unlawful acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

63.     Defendants' acts have been willful, deliberate, and intended to benefit Defendants at Shanken's expense.

64.     Shanken has suffered monetary damages as a result of Defendants' unlawful acts in an amount to be determined at trial.

65.     However, Shanken has no adequate remedy at law to compensate it fully for the damages which would be caused by any further infringement of Shanken's mark by Defendants, unless future unlawful acts and infringements of this kind are enjoined by this Court.

66.     This is an exceptional case under 15 U.S.C. § 1117.

### THIRD CLAIM
#### (Lanham Act Unfair Competition, 15 U.S.C. § 1125(a))

67.    Shanken repeats the allegations in paragraphs 1 through 66.

68.    By misappropriating and using the CIGAR AFICIONADO Marks in their advertising, Defendants have misrepresented to the relevant public that Shanken has endorsed and sponsored Defendants' services, thereby creating a likelihood of confusion as to the source or sponsorship of Defendants' business, goods and services.

69.    Defendants' unlawful conduct constitutes unfair competition and false designation of origin or sponsorship in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

70.    Defendants' acts have been willful, deliberate and intended to benefit Defendants at Shanken's expense.

71.    Shanken has suffered monetary damages as a result of Defendants' unlawful acts in an amount to be determined at trial.

72.    However, Shanken has no adequate remedy at law to compensate it fully for the damages that have been caused by Defendants' unlawful acts and which would be caused by any further use of plaintiff Shanken's CIGAR AFICIONADO Marks by Defendants, unless future unlawful acts of this kind are enjoined by this Court.

73.    This is an exceptional case under 15 U.S.C. § 1117.

### FOURTH CLAIM
#### (Trademark Dilution In Violation of 15 U.S.C. 1125(c))

74.    Shanken repeats the allegations in paragraphs 1 through 73.

75.    The CIGAR AFICIONADO Marks are famous marks within the meaning of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and have been famous marks prior to Defendants' wrongful conduct.

76. Defendants' misuse, disparagement and tarnishment of the CIGAR AFICIONADO Marks, via the www.Cigar500.com domain name and website, for the purpose of advertising, promoting and offering Defendants' goods and/or services, including by associating those marks with Defendants' apparent criminal activities in violation of the Trading the Enemy Act, constitutes dilution in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125 (c)(1).

77. As a result of Defendants' unlawful activities, Plaintiff has been damaged in an amount to be ascertained.

78. Plaintiff has no adequate remedy at law to compensate it fully for the damages which will continue to be caused by Defendants' unlawful acts and will continue to suffer irreparable harm and injury to its goodwill and reputation unless Defendants' unlawful conduct is enjoined by this Court.

79. Defendants' conduct is knowing, intentional, malicious, deliberate, willful, wanton, reckless and egregious and is being carried out with the intent to cause confusion, mistake or deception and to injure Plaintiff.

80. Defendants' acts are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## FIFTH CLAIM
### (Defamation)

81. Shanken repeats the allegations in paragraphs 1 through 80.

82. Defendants have published the www.Cigar500.com website and its individual web pages or caused the site and pages to be published to third parties.

83. Various portions of the www.Cigar500.com website and web pages on the site concern Shanken.

84.     Defendants' www.Cigar500.com website asserts and/or implies that Shanken encourages consumers to engage in criminal activities in violation of the Trading with the Enemy Act.

85.     Such statements are false and defamatory.

86.     Such statements are injurious to Shanken in its trade or business and are actionable per se.

87.     Defendants caused these statements to be published with knowledge and/or reckless disregard of their falsity

88.     Defendants' conduct has already injured and unless restrained will continue to injure Shanken, causing monetary damages to Shanken in an amount to be determined at trial, as well as irreparable injury to Shanken.

89.     Shanken has no adequate remedy at law to compensate it fully for the injury that has been caused, and which will continue to be caused, by Defendants' wrongful conduct, unless this conduct is enjoined by this Court.

90.     Defendants' wrongful conduct was knowing, willful, deliberate, malicious and intended to injure Shanken.  Accordingly, Shanken is entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at trial.

**WHEREFORE,** Shanken demands judgment as follows:

A.     Enjoining Defendants and their agents, officers, directors, principals, parents, subsidiaries, affiliates, employees, representatives, successors, assigns, and all persons acting in concert or participation with it from further infringing or otherwise violating Shanken's rights in and to the CIGAR AFICIONADO Marks and/or the Work;

B.     That judgment thereon be rendered against Defendants for:

(1)    An accounting of all profits received from Defendants' use of the Work as provided by 17 U.S.C. § 504(b); and

(2)    All actual damages suffered by Shanken as a result of Defendants' copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be determined at trial, presently believed to be in excess of $1 million;

(3)    Statutory damages as provided by 17 U.S.C. § 504(c) of not less than $150,000 per occurrence;

(4)    An accounting of all profits received from Defendants' willful and egregious use of the use of the CIGAR AFICIONADO Marks, 15 U.S.C. § 1117;

(5)    All actual damages suffered by Shanken as a result of Defendants' unauthorized and unlawful use of the CIGAR AFICIONADO Marks in an amount to be determined at trial, presently believed to be in excess of $5 million, 15 U.S.C. § 1117;

(6)    Trebling of actual damages suffered by Shanken as a result of Defendants' unauthorized and unlawful use of the CIGAR AFICIONADO Marks, 15 U.S.C. § 1117;

(7)    Actual damages suffered as a result of defamation, in an amount to be determined at trial, presently believed to be in excess of $10 million;

(8)    Punitive damages on the defamation claim in an amount to be determined at trial, presently believed to be in excess of $10 million.

C.    For an award of costs in this action, including reasonable attorneys' fees and expenses as provided under 15 U.S.C. § 1117 and 17 U.S.C. § 505; and

D.    For such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 17, 2007

                              REED SMITH LLP

                              By: _____
                                    Peter D. Raymond (PR 3029)
                                    John B. Webb (JW 9624)
                                    Wallace B. Neel (WN 0038)
                              599 Lexington Avenue
                              New York, New York 10022
                              (212) 521-5400

                              *Attorneys for Plaintiff*
                                *M. Shanken Communications, Inc.*

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form SE**
For a Serial
UNITED STATES COPYRIGHT OFFICE

**TX 6-567-937**

EFFECTIVE DATE OF REGISTRATION

5 - 10 - 07
Month        Day        Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS SERIAL ▼**

Cigar Aficionado

| Volume ▼ | Number ▼ | Date of Copies ▼ | Frequency of Publication ▼ |
|---|---|---|---|
| 15 | 04 | June 2007 | bimonthly |

**PREVIOUS OR ALTERNATIVE TITLES ▼**

## 2

**a** **NAME OF AUTHOR ▼**
M. Shanken Communications, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ USA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
☐ Collective Work   Other:

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
☐ Collective Work   Other:

**c** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
☐ Collective Work   Other:

## 3

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given Year in all cases.
2007

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information Month ▶ 04 Day ▶ 05 Year ▶ 07
ONLY if this work has been published.    USA    ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

M. Shanken Communications, Inc.
387 Park Avenue South
New York, NY 10016

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

APPLICATION RECEIVED
MAY 1 0 2007
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAY 1 0 2007
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ____ pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
   Yes

FORM SE

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☐ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▶                    Year of Registration ▶

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

a

b

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                    Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name / Address / Apt / City / State / Zip ▼

Steven Gordon
M. Shanken Communications, Inc.
387 Park Avenue South   New York, NY  10016

Area code and daytime telephone number ▶ 212-481-8610 ext. 638        Fax number ▶ 212-684-0681

Email ▶ sgordon@mshanken.com

**7**

a

b

**CERTIFICATION** I, the undersigned, hereby certify that I am the

Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of M. Shanken Communications, Inc.
   Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Steven Gordon                    Date ▶ 05/08/03

Handwritten signature (X) ▼

**8**

**9**

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Steven Gordon, M. Shanken Communications, Inc.

Number/Street/Apt ▼
387 Park Avenue South

City/State/Zip ▼
New York, NY  10016

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

17 U.S.C. §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form SE-Full   Rev: 11/2006   Print: 11/2006   Printed on recycled paper                    U.S. Government Printing Office: 2006-xxx-xxx/xx,xxx

# EXHIBIT B

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Amended

Reg. No. 2,131,128

Registered Jan. 20, 1998

OG Date Apr. 20, 2004

## SERVICE MARK
## PRINCIPAL REGISTER

# cigar aficionado

M. SHANKEN COMMUNICATIONS, INC.
(NEW YORK CORPORATION)
387 PARK AVENUE SOUTH
NEW YORK, NY 10016
    NO CLAIM IS MADE TO THE EXCLU-
SIVE RIGHT TO USE "CIGAR", APART
FROM THE MARK AS SHOWN.

FOR: COMPUTER SERVICES,
NAMELY, PROVIDING ON-LINE MAGA-
ZINES IN THE FIELD OF CIGARS, IN
CLASS 42 (U.S. CLS. 100 AND 101).
    FIRST USE 1-20-1997; IN COMMERCE
1-20-1997.
    SER. NO. 75-075,835, FILED 3-14-1996.

*In testimony whereof I have hereunto set my hand*
*and caused the seal of The Patent and Trademark*
*Office to be affixed on Apr. 20, 2004.*

DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE

# EXHIBIT C

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

Reg. No. 2,054,780

## United States Patent and Trademark Office

Registered Apr. 22, 1997

## TRADEMARK
### PRINCIPAL REGISTER



M. SHANKEN COMMUNICATIONS, INC. (NEW YORK CORPORATION)
387 PARK AVENUE SOUTH
NEW YORK, NY 10016

FOR: MAGAZINES AND BOOKS FEATURING THE SUBJECT OF CIGARS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).
FIRST USE 1-22-1992; IN COMMERCE 8-25-1992.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CIGAR", APART FROM THE MARK AS SHOWN.

SER. NO. 75-075,834, FILED 3-14-1996.

DOMINICK J. SALEMI, EXAMINING ATTORNEY

# EXHIBIT D

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

Reg. No. 2,025,421

## United States Patent and Trademark Office

Registered Dec. 24, 1996

## TRADEMARK
### PRINCIPAL REGISTER

## CIGAR AFICIONADO

M. SHANKEN COMMUNICATIONS, INC. (NEW YORK CORPORATION)
387 PARK AVENUE SOUTH
NEW YORK, NY 10016

FOR: PUBLICATIONS, NAMELY, MAGAZINES, BOOKS, PAMPHLETS, NEWSLETTERS, PRINTED CHARTS, JOURNALS AND GUIDES ALL ON THE SUBJECT OF CIGARS , IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 1–22–1992; IN COMMERCE 8–25–1992.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CIGAR", APART FROM THE MARK AS SHOWN.

SER. NO. 75–031,228, FILED 12–11–1995.

MARGERY A. TIERNEY, EXAMINING ATTORNEY