UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
M. SHANKEN COMMUNICATIONS, INC.,                              :
                                                              :
                Plaintiff,                                      :
                                                              :
        -against-                                        :
                                                              :    No. 07-CIV-7371 (JGK)
CIGAR500.COM INC., ANTHONY                                    :
MASCIANGELO, AND MONIQUE                                      :
MASCIANGELO,                                                  :
                                                              :
                Defendants.                                     :
                                                              :
------------------------------------------------------------- x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT CIGAR500.COM, INC.'S MOTION TO PROCEED PRO SE**

ORAL ARGUMENT SET FOR MARCH 24, 2008

REED SMITH LLP

Peter D. Raymond (PR 3029)
Emily Kirsch (EB 4216)
Wallace B. Neel (WN 0038)
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Plaintiff
M. Shanken Communications, Inc.*

Plaintiff M. Shanken Communications, Inc. ("Shanken"), by its counsel, Reed Smith LLP, respectfully submits this Memorandum of Law in opposition to the letter/motion (the "Motion") filed by defendant Anthony Masciangelo, which apparently sought leave from the Court to permit defendant Cigar500.com, Inc. ("Cigar500") to proceed *pro se* through Mr. Masciangelo, a non-attorney.

## PRELIMINARY STATEMENT

Shanken has no objection to Orrick's request for permission to withdraw as counsel. However, Cigar500's request to appear through a representative who is not a licensed attorney should be denied. As the Court correctly noted in its March 6, 2008 Memo Endorsement (the "Memo Endorsement"), a corporation "cannot appear in court without a lawyer, although a representative can appear at the conference on this issue of withdrawal of counsel." The Court's observation accurately encapsulates more than thirty years of Second Circuit case law on that point.

Despite that black-letter rule, Mr. Masciangelo seeks to represent the corporate defendant, Cigar500, *pro se*. The Motion is completely without merit, as there is no set of circumstances under which a shareholder in a corporation who is not a licensed attorney is permitted to represent that corporation *pro se*.

## ARGUMENT

"[I]t is well-settled law that a corporation may appear in the federal courts only through licensed counsel...." Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 187 (2d Cir. 2006). This long-standing rule derives from 28 U.S.C. section 1654, which states that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

Because a corporation is a "fictional legal person" and therefore "obviously cannot appear for [itself] personally . . . the long standing and consistent court interpretation of § 1654 is that [it] must be represented by licensed counsel." Phillips v. Tobin, 548 F.2d 408, 411 (2d Cir. 1976) (quoting Turner v. American Bar Ass'n, 407 F.Supp. 451, 476 (N.D. Tex. 1975)) (other citations omitted); see also Bell v. South Bay European Corp., 486 F. Supp. 2d 257, 260 (S.D.N.Y. 2007) ("[A] lay person may not represent an entity."); Z-International, Inc. v. Z Line Intern., Inc. 2005 WL 1580609, *2 (S.D.N.Y. 2005) ("a corporation cannot appear or be permitted to conduct litigation unless represented by counsel because they are artificial entities that can only act through licensed agents."); Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001) ("As a corporation, appellant, Galaxiworld, could only appear with counsel."); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir.1991)) ("[W]e long have required corporations to appear through a special agent, the licensed attorney.").[1]

In addition to the fact that a corporation is a "fictional" person and logically incapable of acting on its own behalf, the Second Circuit has also observed that there is a practical reason for requiring appearance through licensed counsel:

> [t]he principal rationale for ordinarily requiring representation by a licenced attorney is that "the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities....

---

[1] This rule applies with equal force whether the corporation is a publicly-traded conglomerate or a "single shareholder corporation[]." Lattanzio v. Galen Institute, Inc., 481 F.3d 137, 140 (2d Cir. 2007).

Lattanzio, 481 F.3d at 139 (quoting Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983)).

The Court's observation in the Memo Endorsement was therefore precisely correct: Cigar500, as an artificial entity, is barred by law from appearing *pro se*. This requirement not only recognizes the logical impossibility of an artificial "person" representing itself, but also ensures fairness and decorum, inasmuch as licensed counsel can be expected to follow the procedural and ethical rules of this Court.

## CONCLUSION

For the foregoing reasons, the Motion to appear *pro se* should be denied and the Court should grant Plaintiff such other and further relief as it deems just, proper, and equitable.

Dated: New York, New York
       March 18, 2008

REED SMITH LLP

By: _____
    Peter D. Raymond (PR 3029)
    Emily Kirsch (EB 4216)
    Wallace B. Neel (WN 0038)
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Plaintiff*
*M. Shanken Communications, Inc.*