IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

M. SHANKEN COMMUNICATIONS, INC.,

                Plaintiff,

– against –

CIGAR500.COM INC., ANTHONY MASCIANGELO, AND MONIQUE MASCIANGELO,

                Defendants.

07-Civ.-7371 (JGK)

**ANSWER AND AFFIRMATIVE DEFENSES**

**JURY TRIAL DEMANDED**

---

Defendant Cigar500.com Inc. ("Cigar500"), by its attorneys Orrick, Herrington & Sutcliffe LLP, hereby answer plaintiff's Complaint, dated August 17, 2007 (the "Complaint"), as follows:

    1.    Cigar500 is informed and believes and on that basis admits that plaintiff M. Shanken Communications, Inc. ("Plaintiff") is the publisher of *Cigar Aficionado* magazine. Cigar500 lacks information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiff's ownership of federally-registered trademarks and copyrights. Except as so admitted, Cigar500 denies the allegations set forth in paragraph 1 of the Complaint.

    2.    Cigar500 denies the allegations set forth in paragraph 2 of the Complaint.

    3.    Cigar500 does not contest the subject matter jurisdiction of this Court.

    4.    Cigar500 denies the allegations in paragraph 4 of the Complaint.

    5.    Cigar500 is informed and believes and on that basis admits that Plaintiff is a New York corporation with its principal place of business at 387 Park Avenue, New York, New York, 10016 and that Plaintiff is in the magazine publishing business and that

Plaintiff publishes *Wine Spectator* and *Cigar Aficionado* magazines. Cigar500 lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 5 of the Complaint.

6. Cigar500 admits that Cigar500.com was a Canadian corporation that had its principal place of business in Woodbridge, Ontario, Canada. Cigar500 admits that Cigar500 used to maintain a website at www.Cigar500.com. Cigar500 admits that it was in the business of selling cigars as an online retailer. Cigar500 denies the remainder of the allegations in paragraph 6 of the Complaint.

7. Cigar500 admits that Defendant Anthony Masciangelo is a resident of Canada and was a principal of Cigar500.com and that his name is listed as the Administrative Contact and Technical contact for the domain www.Cigar500.com. Cigar500 denies the remainder of the allegations in paragraph 7 of the Complaint.

8. Cigar500 admits that Monique Masciangelo is a resident of Canada. Cigar500 denies the remainder of the allegations in paragraph 8 of the Complaint.

9. Cigar500 denies the allegations in paragraph 9 of the Complaint.

10. Cigar500 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Cigar500 denies the allegations in paragraph 11 of the Complaint.

12. Cigar500 admits that the cover of the May/June 2007 issue of *Cigar Aficionado* magazine (the "Issue") contained a rendering of two palm trees against a blue sky with the caption "Cuba Tomorrow" and that the words "Cigar Aficionado" appear on the cover of the magazine. Except as so admitted, Cigar500 denies the allegations set forth in paragraph 12 of the Complaint.

13. Cigar500 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Cigar500 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Paragraph 15 states a legal conclusion to which no response is required.

16. Cigar500 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Cigar500 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Cigar500 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Cigar500 denies the allegations in paragraph 19 in the Complaint.

20. Cigar500 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Cigar500 denies the allegations in paragraph 21 of the Complaint.

22. Cigar500 denies the allegations in paragraph 22 of the Complaint.

23. Cigar500 admits that the phrase "Welcome Cigar Aficionado Readers" appeared on the page http://www.Cigar500.com (the "Home Page") for a limited period of time in the past. Except as so admitted, Cigar500 denies the allegations set forth in paragraph 23 of the Complaint.

24. Cigar500 admits that for a limited period of time in the past a picture of the cover of the Issue and the text "ON SALE! The 6 Cuban Cigars *Cigar Aficionado* Rated 91 or Better! Click Here to ORDER NOW!" appeared on the Home Page. Except

as so admitted, Cigar500 denies the allegations set forth in paragraph 24 of the Complaint.

25. Cigar500 admits that, for a limited period of time in the past, clicking on "order now" lead to a second page, defined in the Complaint as the "Offer Page," and that the Offer Page contained a thumbnail image of the front cover of the Issue. Except as so admitted, Cigar500 denies the allegations set forth in paragraph 25 of the Complaint.

26. Cigar500 admits that the cited text, among other text, appeared on the Offer Page for a limited period of time in the past and except as so admitted, Cigar500 denies the allegations set forth in paragraph 26 of the Complaint.

27. Cigar500 admits that the Offer Page, for a limited period of time in the past, contained the text identified in paragraph 27 of the Complaint. Except as so admitted, Cigar500 denies the allegations set forth in paragraph 27 of the Complaint.

28. Cigar500 admits that the ratings and narratives are the same as that which appears on page 128 of the work and otherwise denies the allegations set forth in paragraph 28 of the Complaint.

29. Cigar500 admits that the attached Exhibits E and F reflected the Home Page and the Offer Page as they appeared for a limited period of time in the past, and otherwise denies the allegations in paragraph 29 of the Complaint.

30. Cigar500 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Cigar500 denies the allegations in paragraph 31 of the Complaint.

32. Cigar500 denies the allegations in paragraph 32 of the Complaint.

33. Cigar500 denies the allegations in paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint is a legal conclusion to which no response is required.

35. Cigar500 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. Cigar500 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37. Cigar500 denies the allegations in paragraph 37 of the Complaint.

38. Cigar500 denies the allegations in paragraph 38 of the Complaint.

39. Cigar500 denies the allegations in paragraph 39 of the Complaint.

40. Cigar500 denies the allegations in paragraph 40 of the Complaint.

41. Cigar500 denies the allegations in paragraph 41 of the Complaint.

42. Cigar500 denies the allegations in paragraph 42 of the Complaint.

43. Cigar500 denies the allegations in paragraph 43 of the Complaint.

44. In response to paragraph 44 of the Complaint, Cigar500 repeats and realleges its response to paragraphs 1 through 43 of the Complaint as though fully set forth herein.

45. Cigar500 denies the allegations in paragraph 45 of the Complaint.

46. Cigar500 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47. Cigar500 denies the allegations in paragraph 47 of the Complaint.

48. Cigar500 admits the allegations in paragraph 48 of the Complaint.

49. Cigar500 denies the allegations in paragraph 49 of the Complaint.

50. Cigar500 denies the allegations in paragraph 50 of the Complaint.

51. Cigar500 denies the allegations in paragraph 51 of the Complaint.

52. Cigar500 denies the allegations in paragraph 52 of the Complaint.

53. Cigar500 denies the allegations in paragraph 53 of the Complaint.

54. Cigar500 denies the allegations in paragraph 54 of the Complaint.

55. Cigar500 denies the allegations in paragraph 55 of the Complaint.

56. In response to paragraph 56 of the Complaint, Cigar500 repeats and realleges its response to paragraphs 1 through 55 of the Complaint as though fully set forth herein.

57. Cigar500 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58. Cigar500 denies the allegations in paragraph 58 of the Complaint.

59. Cigar500 denies the allegations in paragraph 59 of the Complaint.

60. Cigar500 denies the allegations in paragraph 60 of the Complaint.

61. Cigar500 denies the allegations in paragraph 61 of the Complaint.

62. Cigar500 denies the allegations in paragraph 62 of the Complaint.

63. Cigar500 denies the allegations in paragraph 63 of the Complaint.

64. Cigar500 denies the allegations in paragraph 64 of the Complaint.

65. Cigar500 denies the allegations in paragraph 65 of the Complaint.

66. Cigar500 denies the allegations in paragraph 66 of the Complaint.

67. In response to paragraph 67 of the Complaint, Cigar500 repeats and realleges its response to paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68. Cigar500 denies the allegations in paragraph 68 of the Complaint.

69. Cigar500 denies the allegations in paragraph 69 of the Complaint.

70. Cigar500 denies the allegations in paragraph 70 of the Complaint.

71. Cigar500 denies the allegations in paragraph 71 of the Complaint.

72. Cigar500 denies the allegations in paragraph 72 of the Complaint.

73. Cigar500 denies the allegations in paragraph 73 of the Complaint.

74. In response to paragraph 74 of the Complaint, Cigar500 repeats and realleges its response to paragraphs 1 through 73 of the Complaint as though fully set forth herein.

75. Cigar500 denies the allegations in paragraph 75 of the Complaint.

76. Cigar500 denies the allegations in paragraph 76 of the Complaint.

77. Cigar500 denies the allegations in paragraph 77 of the Complaint.

78. Cigar500 denies the allegations in paragraph 78 of the Complaint.

79. Cigar500 denies the allegations in paragraph 79 of the Complaint.

80. Cigar500 denies the allegations in paragraph 80 of the Complaint.

81. In response to paragraph 81 of the Complaint, Cigar500 repeats and realleges its response to paragraphs 1 through 80 of the Complaint as though fully set forth herein.

82. Cigar500 admits that it operated the website www.Cigar500.com and otherwise denies the allegations in paragraph 82 of the Complaint.

83. Cigar500 denies the allegations in paragraph 83 of the Complaint.

84. Cigar500 denies the allegations in paragraph 84 of the Complaint.

85. Cigar500 denies the allegations in paragraph 85 of the Complaint.

86. Cigar500 denies the allegations in paragraph 86 of the Complaint.

87. Cigar500 denies the allegations in paragraph 87 of the Complaint.

88. Cigar500 denies the allegations in paragraph 88 of the Complaint.

89. Cigar500 denies the allegations in paragraph 89 of the Complaint.

90. Cigar500 denies the allegations in paragraph 90 of the Complaint.

91. Cigar500 denies that Plaintiff is entitled to a judgment in its favor or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Court lacks personal jurisdiction over Cigar500.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff consented and authorized Cigar500's use of the allegedly trademarked and copyrighted material

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff acquiesced in Cigar500's use of the allegedly trademarked and copyrighted material.

### FIFTH AFFIRMATIVE DEFENSE

5. There is no likelihood of confusion by way of Cigar500's use of the allegedly trademarked and copyrighted material.

### SIXTH AFFIRMATIVE DEFENSE

6. Cigar500's use of the allegedly trademarked and copyrighted material was a fair use.

### SEVENTH AFFIRMATIVE DEFENSE

7. Portions of the Issue do not constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff, by his acts and omissions, is barred from relief in this action by the doctrine of unclean hands.

Dated: New York, New York
July 21, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Lisa T. Simpson
Alison F. Swap

Attorneys for Plaintiff
Cigar500.com Inc.

666 Fifth Avenue
New York, New York 10103
(212) 506-5000 – Telephone
(212) 506-5151 – Fax