**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

M. SHANKEN COMMUNICATIONS, INC.,

                      Plaintiff,

    – against –

CIGAR500.COM INC. AND MONIQUE
MASCIANGELO,

                      Defendants.

07-Civ.-7371 (JGK)

**DECLARATION OF LISA T. SIMPSON**
**IN SUPPORT OF**
**MOTION TO WITHDRAW**

I, Lisa T. Simpson, declare:

    1.    I am a member of the Bar of this Court and the firm Orrick, Herrington & Sutcliffe LLP ("Orrick"), attorneys of record for defendant Cigar500.com Inc. ("Cigar500"). I make this declaration pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York in support of the accompanying Motion to Withdraw.

    2.    This action was commenced in August of 2007, and Orrick was retained by Cigar500 and the individual defendants in September 2007. At that time, and prior to Orrick's retention, Cigar500 was advised at length regarding Orrick's fees and billing practices. Cigar500 assured Orrick that it had the financial means and ability to fund the litigation should Orrick accept the engagement. Although Cigar500 was assuming the defense of the individuals in the action, Anthony Masciangelo agreed, as part of the engagement, that he would accept individual responsibility for any fees and expenses incurred by Orrick during its representation of Defendants. Defendants further agreed to a modest retainer to commence the representation, to be paid over the course of the next two months.

3.     Following Orrick's retention on this matter, the parties engaged in settlement discussions which were not successful, and Defendants began preparations on a motion to dismiss the Complaint.  In the meantime, Defendants failed to complete payment on their agreed-upon retainer, having paid only $10,000, and failed to pay monthly invoices as they came due throughout the Fall.  Defendants continued to reassure Orrick that payment was merely delayed and that it would forthcoming before year's end.  No payments were received at year's end.

4.     A true and correct copy of Orrick's invoice, dated November 2, 2007, for legal services provided through September 30, 2007 is attached hereto Exhibit A.  (The detailed descriptions of legal services, provided to Cigar500, is not included here so as to preserve attorney-client privilege.)

5.     Attached hereto as Exhibit B is a true and correct copy of Orrick's invoice, dated November 29, 2007, for services rendered through October 31, 2007.  The accompanying cover letter notes Cigar500's failure to pay the full retainer amount.  (The detailed description of attorney time is again omitted to preserve attorney-client privilege.)

6.     On December 12, 2007, I e-mailed Mr. Anthony Masciangelo to inquire of the status of the payment of Cigar500's outstanding balance and again sought payment before year's end, as we had discussed.  A true and correct copy of that e-mail (with some text redacted to preserve attorney-client privilege) is attached hereto as Exhibit C.

7.     On December 19, 2007, I again e-mailed Mr. Masciangelo regarding payment of Cigar500's outstanding balance before year's end.  Attached hereto as Exhibit D is a true and correct copy of that e-mail (text has been redacted to preserve attorney-client privilege).

2

8.      On December 21, 2007, having heard nothing in response to my prior inquiries, I sent Cigar500 Orrick's invoice for services rendered in November.  A true and correct copy of that invoice and the transmitting e-mail is attached hereto as Exhibit E.  (The detailed description of attorney time has been omitted).

9.      On December 25, 2007, I received a response from Mr. Masciangelo in which he indicated that he was sending $4000 that day, and would send $5000 in mid-January and $5000 at the end of January.  No such payments were ever received.

10.     To avoid prejudice to Defendants and in light of the fact that Orrick had already researched and analyzed the arguments on Defendants' motion to dismiss, Orrick prepared and finalized a motion to dismiss the Complaint, which was filed on January 11, 2008.  That motion sought dismissal for lack of personal jurisdiction and for failure to state a claim upon which relief could be granted.  The motion was fully briefed on February 22, 2008.

11.     On January 15, 2008, I met with Mr. Masciangelo regarding Cigar500's outstanding balance.  Attached hereto as Exhibit F is a true and correct copy of a letter that was provided to Mr. Masciangelo in advance of the meeting.  The letter notes Cigar500's missed retainer payments and nonpayment of fees and indicates that Orrick cannot continue to represent Cigar500 if it is not current on its outstanding balance.  (Portions of the letter have been redacted to protect attorney-client privilege).  At the meeting, Mr. Masciangelo indicated that he would provide a payment plan in writing to address the outstanding balance.  No such payment plan was provided.

12.     In March 2008, after briefing on the motion to dismiss was complete and while the motion was pending, Orrick moved to withdraw as counsel for Cigar500, Anthony Masciangelo, and Monique Masciangelo.  That motion was based in part on the fact that Orrick

still had not received any payments on Defendants' growing outstanding balance. True and correct copies of Orrick's Motion to Withdraw, with accompanying documents, filed March 4, 2008, are attached hereto as Exhibit G.

       13.    After a hearing on March 24, 2008, Orrick was granted leave to withdraw from its representation of the individuals Anthony and Monique Masciangelo. The Court required, however, that Orrick continue as Cigar500's counsel while the motion to dismiss was pending, but did so without prejudice to renew the motion after Defendants' motion to dismiss had been decided.

       14.    Following the Court' decision on the motion to withdraw, Cigar500 again assured Orrick that it would provide a payment plan to pay its outstanding balance over the course of 2008. Attached hereto as Exhibit H is a true and correct copy of a letter sent to Cigar500 on March 28, 2008, attaching Orrick's invoice for services rendered from December 1, 2007 to February 29, 2008 and noting the promise of a payment plan (detailed descriptions of attorney time are again omitted).

       15.    On April 7, 2008, I e-mailed Mr. Masciangelo to inquire as to the status of the promised payment plan. A true and correct copy of that e-mail is attached hereto as Exhibit I.

       16.    On May 1, 2008, I again e-mailed Mr. Masciangelo to inquire regarding the promised payment plan and the status of payment on the outstanding balance. A true and correct copy of that e-mail is attached hereto as Exhibit J.

       17.    Receiving no response, Orrick's invoice for services rendered in March and April of 2008 was sent on May 8, 2008. A true and correct copy is attached hereto as Exhibit K (omitting detailed descriptions of attorney time).

18.     On July 7, 2008, the Court issued its decision on Defendants' motion to dismiss.  The Complaint was dismissed (without prejudice) as to Monique Masciangelo and the motion was otherwise denied.

19.     Orrick received no payment on Defendants' outstanding balance during the four additional months between Orrick's initial motion to withdraw and the Court's decision on the motion to dismiss.

20.     Attached hereto as Exhibit L is a true and correct copy of an e-mail dated July 10, 2008 in which I advise Mr. Masciangelo of the due date for the Defendants' Answer and reiterate our prior discussions that Cigar500 should look for replacement counsel.

21.     Attached hereto as Exhibit M is a true and correct copy of an e-mail dated July 10, 2008, again indicating the urgency of finding new counsel and advising Cigar500 that Orrick would be renewing its motion to withdraw.  A portion of the text has been redacted to preserve attorney-client privilege.

22.     In order to avoid prejudice to Defendants given the short turnaround time for an Answer to be filed, Orrick prepared and filed on July 21, 2008 an Answer to the Complaint on behalf of Cigar500.

23.     Both before and after filing Cigar500's Answer, Orrick discussed with Cigar500 the planned filing of its renewed motion to withdraw and Cigar500's need to find new counsel.  At the request of Cigar500, Orrick agreed to refrain from filing immediately upon receiving the Court's decision to allow for the possibility of settlement discussions between the parties.  Those discussions have not materialized.

24.     On July 23, 2008, Plaintiff filed an Amended Complaint, removing Monique Masciangelo as a defendant, but revising three paragraphs pertaining to Anthony and

Monique Masciangelo.  Again, to avoid any prejudice to Cigar500, Orrick prepared and filed an

Answer to the Amended Complaint, dated August 11, 2008.

25.    Attached hereto as Exhibit N is a true and correct copy of Orrick's invoice

dated August 8, 2008 for legal services provided in July 2008 (detailed descriptions of attorney

time have again been omitted).

26.    Orrick has incurred a total of $165,370 in unpaid fees and expenditures

and continues to incur fees as this matter progresses.  Apart from the $10,000 partial payment of

the agreed-upon retainer at the commencement of the engagement, Orrick has received no

payments at all on Cigar500's growing balance.  As a result, all work completed on Defendants'

behalf has been performed for no compensation.  Efforts have been made to discuss the use of a

payment plan to allow for payment of the outstanding balance over time, but despite repeated

promises by Cigar500 that such a plan would be provided and payment would be made, neither

has been provided to date.

27.    No scheduling order is in place and no discovery has occurred to date in

this matter.  No trial date has been set.

28.    As a result of conversations that began upon the receipt of the Court's

decision on Defendants' motion to dismiss in early July, Cigar500 is aware, and has had due

notice, that Orrick is filing its renewed motion to withdraw at this time.

29.     Despite Defendants' failure to pay fees, Orrick will promptly deliver to Cigar500 or its counsel any papers and property to which it is entitled.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 14, 2008, at New York, New York

Lisa T. Simpson