IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

M. SHANKEN COMMUNICATIONS, INC.,

                        Plaintiff,

– against –

CIGAR500.COM INC., ANTHONY
MASCIANGELO, AND MONIQUE
MASCIANGELO,

                        Defendants.

07-Civ.-7371 (JGK)

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW

Orrick, Herrington & Sutcliffe LLP ("Orrick"), which has served as counsel for Cigar500.com Inc. ("Cigar500") since the commencement of this action, submits this memorandum in support of its motion for leave to withdraw as counsel for Cigar500 on the grounds of nonpayment of fees.

As set forth in the accompanying Declaration of Lisa T. Simpson dated August 14, 2008 (the "Simpson Decl."), aside from a partial payment on a modest agreed-upon retainer amount, Cigar500 has failed to pay for any of Orrick's work or expenses incurred in this matter since its commencement. Cigar500's failure to pay Orrick's fees is a sufficient reason for this Court to allow Orrick to withdraw as Cigar500's counsel.

## FACTUAL BACKGROUND

### Procedural History and Orrick's Prior Motion to Withdraw

This action was commenced in August of 2007 with the filing of the Complaint. (Simpson Decl. ¶ 2). Following commencement of the action, the parties engaged in settlement discussions. (*Id.* at ¶ 3). Those discussions were unsuccessful, and on January 11, 2008, Orrick

filed a motion to dismiss the Complaint in its entirety for lack of personal jurisdiction and failure to state a claim. (*Id.* at ¶¶ 3, 10). That motion was fully briefed on February 22, 2008. (*Id.* at ¶ 10).

While the motion was pending, in March 2008, Orrick moved to withdraw from its representation of defendants Cigar500, Anthony Masciangelo, and Monique Masciangelo (collectively, "Defendants"). (*Id.* at ¶ 12, Exh. G). That motion was based in part on the Defendants' failure to pay Orrick's invoiced fees. (*Id.*). A hearing on Orrick's motion to withdraw was held on March 24, 2008, and the Court granted Orrick leave to withdraw from its representation of the individual defendants Anthony and Monique Masciangelo. (*Id.* at ¶ 13; *see also M. Shanken Communications, Inc. v. Cigar500.com et al.*, 07 Civ. 7371 (JGK) (the "Shanken Action"), Endorsed Letter dated March 31, 2008, Docket Entry 25). However, Orrick's motion to withdraw as counsel for Cigar500 was "denied without prejudice to renewal after a decision has been made on the defendants' pending motion to dismiss." (Simpson Decl. ¶ 13; *see also* Shanken Action, Order dated March 28, 2008, Docket Entry 24).

On July 7, 2008, the Court issued its decision on Defendants' motion to dismiss, granting the motion, without prejudice, as to Monique Masciangelo and otherwise denying it. (Simpson Decl. ¶ 18, *see also* Shanken Action, Opinion and Order dated July 7, 2008, Docket Entry 27). Following that decision, in an effort to avoid any prejudice to Cigar500 and despite Cigar500's failure to pay Orrick's fees and expenses, as detailed below, Orrick prepared and filed an Answer and Affirmative Defenses to the Complaint, which was filed on July 21, 2008. (Simpson Decl. ¶ 22; *see also* Shanken Action, Answer to Complaint filed July 21, 2008, Docket Entry 28).

2

Plaintiff then amended its Complaint on July 23, 2008. (Simpson Decl. ¶ 24; *see also* Shanken Action, Amended Complaint filed July 23, 2008, Docket Entry 29). Once again, despite Cigar500's failure to pay its outstanding balance, in order to avoid prejudice to Cigar500, Orrick prepared and filed an Answer to the Amended Complaint on August 11, 2008. (Simpson Decl. ¶ 24; *see also* Shanken Action, Answer to Amended Complaint filed August 11, 2008, Docket Entry 30).

There has been no discovery in this case. No scheduling order is in place and no trial date has been set. (Simpson Decl. ¶ 27).

Since the motion to dismiss has now been decided, Orrick hereby renews its motion to withdraw due to Cigar500's failure to pay its legal fees and expenses, as detailed below and in the Declaration of Lisa T. Simpson.

**Cigar500's Failure to Pay Fees**

Despite a $10,000 payment, as a partial payment on the initial agreed-upon retainer in October 2007, Cigar500 has failed to pay any of Orrick's legal fees or out-of-pocket expenses since the commencement of this action. To date, Defendants owe $165,370 in unpaid fees and expenditures, a number that continues to rise due to Orrick's continued representation of Cigar500. (Simpson Decl. ¶ 26). Orrick has spent significant resources addressing these issues with Cigar500 since the Fall of 2007, as indicated by the correspondence attached to the Simpson Declaration. Despite continued and repeated assurances that payment would be forthcoming and despite Defendants' initial representations that it was able and willing to pay Orrick for its services, not a single payment beyond that initial $10,000 has been made. (*Id.*). Further, all attempts to encourage Cigar500 to agree to a payment plan to allow for payment over time have been ignored. (*Id.* at ¶¶ 8, 9, 11, 15-17, 19, 26). Defendants similarly failed to make any efforts

3

to pay on their outstanding balance in the four months since Orrick's initial motion to withdraw. (*Id.* at ¶19). Given Defendants' failure to pay, Orrick has in effect been representing Cigar500 *pro bono*.

## ARGUMENT

Under Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

Cigar500's failure to pay legal fees is a satisfactory reason for the Court to grant Orrick permission to withdraw. It is well-settled precedent that counsel should be permitted to withdraw from the representation of a corporate defendant where the corporate defendant fails to pay fees. *See, e.g., HCC, Inc. v. RH&M Mach. Co.*, 96 Civ. 4920 (PKL), 1998 U.S. Dist. LEXIS 10977, *3 (S.D.N.Y. Jul. 20, 1998) (granting counsel for corporate defendant's motion to withdraw for failure to pay fees); *Promotica of Am., Inc. v. Johnson Grossfield, Inc.*, 98 Civ. 7414 (AJP), 2000 U.S. Dist. LEXIS 8594, *4 (S.D.N.Y. Apr. 18, 2000) ("[O]nly one ground need be shown" to support withdrawal; granting counsel for corporate defendant's motion to withdraw for failure to pay fees and the resultant "irreconcilable conflict of interest"); *D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.*, 03 Civ. 3038 (RMB), 2006 U.S. Dist. LEXIS 40162, *3 (S.D.N.Y. Jun. 16, 2006) ("It is well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion to withdraw.") (citing *Promotica*, 2000 U.S. Dist. LEXIS 8594, *4). It has also been held that a Court should not require counsel to represent a client *pro bono*.

*HCC, Inc.*, 1998 U.S. Dist. LEXIS 10977, *3 (granting withdrawal and stating that it would not "impose on counsel an obligation to continue representing [corporate] defendants *pro bono*").

Cigar500 will not be prejudiced by Orrick's withdrawal at this time. Orrick filed an Answer on behalf of Cigar500 on July 21, 2008. And, upon receiving an Amended Complaint, Orrick then filed an Answer to that Amended Complaint in order to avoid any prejudice to Cigar500 (all with little expectation of compensation). Discovery has not yet begun in this matter, no scheduling order is in place and no trial date has been set. *See, e.g., Furlow v. New York*, 90 Civ. 3956 (PKL), 1993 U.S. Dist. LEXIS 3510, *4-*5 (S.D.N.Y. Mar. 22, 1993) (finding no prejudice because the action "is not trial ready and resolution of this matter will not be delayed substantially by counsel's withdrawal at this juncture."); *Golden v. Guar. Acceptance Capital Corp.*, 91 Civ. 2994 (CHT), 1993 U.S. Dist. LEXIS 3638, *3 (S.D.N.Y. Mar. 25, 1993) (finding no prejudice where minimal discovery had taken place and no trial date had yet been set). New counsel will have the benefit of joining the action at the commencement of discovery and will have Orrick's previous work on the relevant law on which to rely.

In addition, the Court's general practice of allowing a corporate defendant 30-60 days to locate new counsel should eliminate any prejudice to Cigar500. *See, e.g. id.* (granting corporate defendant 45 days to find new counsel); *H.C.C., Inc.*, 1998 U.S. Dist. LEXIS 10977, *4 (granting corporate defendant 30 days to find new counsel); *R. Maganlal & Co. v. M.G. Chem. Co.*, 88 Civ. 4896 (MJL)(THK), 1996 U.S. Dist. LEXIS 18515, *3 (S.D.N.Y. Dec. 12, 1996) (discussing suspension of case for 60 days to allow corporate defendant to find new counsel).

Orrick also has acted, and will continue to act, consistently with Disciplinary Rule of the Code of Professional Responsibility § 1200.15(2) to further alleviate any potential

prejudice to Cigar500. Orrick will promptly deliver to Cigar500 or its counsel any papers and property to which it is entitled. (Simpson Decl. ¶ 29). Also consistent with DR § 1200.15(2), Orrick has given Cigar500 due notice of its intention to withdraw. (*Id.* at ¶ 28).

Since Cigar500's nonpayment of fees is a satisfactory reason for withdrawal under the Court's well-settled precedent, Orrick respectfully requests that the Court enter an order permitting Orrick to withdraw from its representation of Cigar500 in this action.

Dated: New York, New York  
August 14, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Lisa T. Simpson  
Lisa T. Simpson  
666 5th Avenue  
New York, NY 10103-0001  
(212) 506-5000

Attorneys for Defendant Cigar500.com Inc.