UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
M. SHANKEN COMMUNICATIONS, INC.,      :
                                      :
                Plaintiff,          :
                                      :
      -against-                       :
                                      :  No. 07-CIV-7371 (JGK)
CIGAR500.COM INC. and ANTHONY         :
MASCIANGELO,                          :
                                      :
                Defendants.         :
                                      :
------------------------------------------------------------ x


## PLAINTIFF'S MEMORANDUM OF LAW CONCERNING ORRICK, HERRINGTON & SUTCLIFFE LLP'S MOTION TO WITHDRAW AS COUNSEL

 

**REED SMITH LLP**

Peter D. Raymond
Wallace B. Neel
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Plaintiff*
*M. Shanken Communications, Inc.*

Plaintiff M. Shanken Communications, Inc. ("Shanken"), by its counsel, Reed Smith LLP, respectfully submits this Memorandum of Law in response to the motion (the "Motion") filed by Orrick, Herrington, & Sutcliffe LLP's ("Orrick"), which is counsel for defendant Cigar500.com, Inc. ("Cigar500") in this matter, for permission to withdraw as counsel.

## PRELIMINARY STATEMENT

Shanken does not oppose Orrick's request for permission to withdraw as counsel. Shanken files this brief solely to provide the Court with the relevant authorities concerning what Shanken believes will be a subsequent request by Cigar500 to appear *pro se* through a representative who is not a licensed attorney.

By way of background, the Court's March 31, 2008 Endorsed Letter permitted defendant Anthony Masciangelo ("Masciangelo") to appear *pro se*. However, as the Court correctly noted in its March 6, 2008 Memo Endorsement (the "Memo Endorsement"), a corporation "cannot appear in court without a lawyer, although a representative can appear at the conference on this issue of withdrawal of counsel." The Court's observation accurately encapsulated more than thirty years of Second Circuit case law on that point.

Despite that bright-line rule, however, the history of this case leads Shanken to the reasonable belief that Cigar500 may renew its attempt to appear *pro se* through Masciangelo or another non-attorney. Shanken respectfully submits that any such request should be denied for the reasons discussed herein.

## ARGUMENT

"[I]t is well-settled law that a corporation may appear in the federal courts only through licensed counsel...." Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 187 (2d Cir. 2006). This long-standing rule derives from 28 U.S.C. section 1654, which states that "[i]n all courts of

the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

Because a corporation is a "fictional legal person" and therefore "obviously cannot appear for [itself] personally . . . the long standing and consistent court interpretation of § 1654 is that [it] must be represented by licensed counsel." Phillips v. Tobin, 548 F.2d 408, 411 (2d Cir. 1976) (quoting Turner v. American Bar Ass'n, 407 F. Supp. 451, 476 (N.D. Tex. 1975)) (other citations omitted); see also Bell v. South Bay European Corp., 486 F. Supp. 2d 257, 260 (S.D.N.Y. 2007) ("[A] lay person may not represent an entity."); Z-International, Inc. v. Z Line Intern., Inc. 2005 WL 1580609, *2 (S.D.N.Y. 2005) ("a corporation cannot appear or be permitted to conduct litigation unless represented by counsel because they are artificial entities that can only act through licensed agents."); Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001) ("As a corporation, appellant, Galaxiworld, could only appear with counsel."); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir.1991)) ("[W]e long have required corporations to appear through a special agent, the licensed attorney.").[1]

In addition to the fact that a corporation is a "fictional" person and logically incapable of acting on its own behalf, the Second Circuit has also observed that there is a practical reason for requiring appearance through licensed counsel:

> [t]he principal rationale for ordinarily requiring representation by a licensed attorney is that "the conduct of litigation by a nonlawyer *creates unusual burdens not only for the party he represents but as well for his adversaries and the court.* The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a

---

[1] This rule applies with equal force whether the corporation is a publicly-traded conglomerate or a "single shareholder corporation[]." Lattanzio v. Galen Institute, Inc., 481 F.3d 137, 140 (2d Cir. 2007).

> lawyer, the lay litigant lacks many of the attorney's ethical responsibilities....

Lattanzio, 481 F.3d at 139 (quoting Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983)) (emphasis added).

The Court's observation in the Memo Endorsement was therefore precisely correct: Cigar500, as an artificial entity, is barred by law from appearing *pro se*. This requirement not only recognizes the logical impossibility of an artificial "person" representing itself, but also ensures fairness and decorum, inasmuch as licensed counsel can be expected to follow the procedural and ethical rules of this Court.

## CONCLUSION

As noted, Shanken has no objection to Orrick's withdrawal due to non-payment. However, for the foregoing reasons, any attempt by Cigar500 to appear *pro se* should be denied. Moreover, in the event that the Court grants Orrick's application to withdraw, Shanken requests that Cigar500 be ordered to either appear by new counsel within 30 days of the Court's order on that point, or else face default judgment. Finally, Shanken request that the Court grant Plaintiff such other and further relief as it deems just, proper, and equitable.

Dated: New York, New York
      August 25, 2008

REED SMITH LLP

By: _____
    Peter D. Raymond
    Wallace B. Neel
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Plaintiff
M. Shanken Communications, Inc.*