**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

M. SHANKEN COMMUNICATIONS, INC.,

                      Plaintiff,

– against –

CIGAR500.COM INC. AND ANTHONY
MASCIANGELO,

                      Defendants.

07-Civ.-7371 (JGK)

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF MOTION TO WITHDRAW**

Orrick, Herrington & Sutcliffe LLP ("Orrick") submits this memorandum in further support of its motion for leave to withdraw as counsel for Cigar500.com ("Cigar500").

On August 25, 2008, Cigar500 submitted its letter response to Orrick's motion to withdraw in accordance with the Court's Order, dated August 18, 2008. Despite certain factual inaccuracies which are addressed in the accompanying Declaration of Lisa T. Simpson dated August 27, 2008 (the "Simpson Decl."), Cigar500 does not appear to object to Orrick's withdrawal as counsel and in fact states that it wishes to "part ways" with Orrick in a "cooperative fashion." (Simpson Decl. ¶ 2).[1]

---

[1] Cigar500's letter submission suggests that it would have preferred that Orrick's motion to withdraw not be filed at this time. As described in detail in Orrick's initial moving papers, Orrick has delayed the renewed filing of this motion as long as possible in an effort to avoid prejudice to Cigar500. Orrick has prepared and filed two answers on Cigar500's behalf and, at the request of Cigar500, waited for more than a month and half after the Court's decision on Defendants' motion to dismiss to refile this motion. As this action continues, any further involvement by Orrick will make it more difficult for new counsel to assume Cigar500's defense. It is clear that Orrick can withdraw with the least amount of prejudice to Cigar500 if it does so now, before there are any further developments in this case. Cigar500 also purports to raise the issue of the amount of fees owed to Orrick. Any discussions that Cigar500 wishes to undertake with Orrick as to owed fees is not at issue on this motion to withdraw, particularly here where Orrick has already indicated that it will release its Cigar500 files to new counsel without full payment in hand.

It is well-settled that when a client consents to the withdrawal of its counsel, counsel's request to withdraw should be granted. Under 22 NY Comp Codes 1200.15(c)(5), a lawyer may withdraw from representing a client if "[t]he lawyer's client knowingly and freely assents to termination of the employment." *See also Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (allowing withdrawal of attorney where client "knowingly and freely" consented to the withdrawal); *Promotica of Am., Inc. v. Johnson Grossfield, Inc.*, 98 Civ. 7414 (AJP), 2000 WL 424184, *1 (S.D.N.Y. Apr. 18, 2000) ("It is well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion to withdraw, especially when the motion is not opposed.") (internal citation omitted); *DiTondo v. Nat'l Rent-A-Fence*, 3:03-CV-14 (FJS), 2005 WL 1475648, *3-*4 (N.D.N.Y. Jun. 22, 2005) (granting withdrawal where the client "knowingly and freely assent[ed] to termination of the employment").

Given Orrick's and Cigar500's mutual desire to part ways, in addition to Cigar500's continued failure to pay Orrick's fees, as outlined in Orrick's August 14, 2008 Motion to Withdraw and accompanying papers, Orrick respectfully requests that the Court enter an order permitting Orrick to withdraw from its representation of Cigar500 in this action.

Dated: New York, New York  
August 27, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____/s/ Lisa T. Simpson_____

Lisa T. Simpson  
666 5th Avenue  
New York, NY 10103-0001  
(212) 506-5000

Attorneys for Defendant Cigar500.com Inc.