**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
M. SHANKEN COMMUNICATIONS, INC.,

                Plaintiff,

-against-

CIGAR500.COM INC. AND ANTHONY
MASCIANGELO,

                Defendants.

------------------------------------------------------------- x

No. 07-CV-7371 (JGK)

**AMENDED COMPLAINT**

Plaintiff M. Shanken Communications, Inc. ("Shanken"), by and through its undersigned counsel, Reed Smith LLP, for its Amended Complaint against Cigar500.com, Inc. ("Cigar500.com"), and Anthony Masciangelo (collectively, "Defendants," and each a "Defendant"), alleges:

## NATURE OF ACTION

1.       Shanken is the publisher of *Cigar Aficionado*, a magazine dedicated to the world of cigars, and the owner of several federally-registered trademarks and numerous copyrights relating to that magazine. Shanken brings this action against Defendants for blatant infringement of those trademarks and copyrights in advertising, marketing, and sales, including through their operation of an online retailing website with the URL address of "http://www.Cigar500.com".

2.       Defendants' illegal use of Shanken's trademarks and copyrights violates federal trademark and copyright law, and various state laws, and has caused marketplace confusion over whether Shanken endorses Cigar500.com and over whether Shanken encourages consumers to violate the federal Trading with the Enemy Act, 12 U.S.C. § 95a. Defendants' unauthorized and unlawful use of Shanken's intellectual property in this manner has caused and continues to cause substantial injury to Shanken's business, reputation, and bottom line. As a result, Shanken is

entitled to injunctive relief and monetary damages, as well as recovery of its attorneys' fees based upon Defendants' willful, deliberate and reckless conduct.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391 (b)-(d) because the alien Defendants are subject to personal jurisdiction and, therefore, are deemed to reside and may be found in this District and because a substantial portion of the events or acts complained of occurred within this District.

## PARTIES

5. Plaintiff Shanken is a New York corporation with its principal place of business at 387 Park Avenue South, New York, New York, 10016. Shanken is in the magazine publishing business, and has developed several well-known and well-regarded titles, including *Wine Spectator* and *Cigar Aficionado*. In particular, *Cigar Aficionado* has built a reputation as being an authoritative source of information for cigar smokers.

6. Upon information and belief, Defendant Cigar500.com is a Canadian corporation which has its principal place of business in Woodbridge, Ontario, Canada, and which maintains an Internet web site at www.Cigar500.com. Upon information and belief, Defendant Cigar500.com is in the business of selling Cuban cigars as an online retailer and otherwise.

7. Upon information and belief, Defendant Anthony Masciangelo is a resident of Canada and a principal of Cigar500.com. A WHOIS search for the domain name "www.Cigar500.com" conducted on the informational website NetworkSolutions.com produces a result listing one Anthony Masciangelo of Kettleby, Ontario, Canada as the "Administrative Contact" and "Technical Contact" for that domain name.

8. A WHOIS search for the domain name "Cigar500.com" conducted on the informational website NetworkSolutions.com produces a result listing the IP Location of "Cigar500.com" as Fort Lauderdale, Florida, USA.

9. The same WHOIS search at the time of the commencement of this action listed Anthony Masciangelo's spouse Monique Masciangelo as the "Registrant" of that domain name.

10. Upon information and belief, at all relevant times Anthony Masciangelo has owned approximately 56% of the stock of Cigar500.com, and his spouse, Monique Masciangelo, has owned a substantial portion of the remainder of the stock, which she obtained after converting more than $300,000 in debt owed to her by Cigar500.com into an equity position.

## SHANKEN'S COPYRIGHTED INTELLECTUAL PROPERTY

11. Shanken is the owner of all right, title, and interest, including all copyrights, in and to an original publication that consists of the May/June 2007 issue of *Cigar Aficionado* magazine, volume 15, number 4, (the "Work"), which was published by Shanken in April 2007.

12. The Work contains wholly original material and constitutes copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, as amended (the "Copyright Act").

13. The front cover of the Work is distinctive in appearance, in that it bears an artistic rendering of two palm trees against a blue sky, with the caption "CUBA TOMORROW." The front cover of the Work also bears as a trademark a stylized rendering of the words "CIGAR AFICIONADO."

14. Page 128 of the Work contains a column listing several Cuban cigars and the *Cigar Aficionado* "Rating" of each cigar on a scale of 1-100. Below each cigar's name and Rating is a brief narrative, or "tasting note," describing that particular cigar.

15. Shanken has complied in all respects with the Copyright Act and all other laws covering copyright and has secured the exclusive rights and privileges under the copyright in and to the Work.

16. The Work bears a copyright notice on page 214, as prescribed by 17 U.S.C. § 401.

17. The Work is the subject of a Certificate of Copyright Registration issued by the Register of Copyrights on May 10, 2007, bearing registration number TX 6-567-937. A copy of the Certificate of Registration application for registration is annexed hereto as Exhibit A.

**SHANKEN'S FEDERALLY REGISTERED TRADEMARKS AND SERVICE MARKS**

18. Shanken is the owner of common law rights and federal registrations in a number of federally registered trademarks and service marks comprising the term CIGAR AFICIONADO, including:

| Registered Mark | Registration No., Services, Mark Drawing Code, and Date of Registration |
| --- | --- |
| CIGAR AFICIONADO | 2,131,128<br>Computer services, namely, providing on-line magazines in the field of cigars<br>WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM<br>January 20, 1998 |
| CIGAR AFICIONADO | 2,054,780<br>Magazines and Books Featuring the Subject of Cigars<br>WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM<br>April 22, 1997 |
| CIGAR AFICIONADO | 2,025,421<br>Publications, namely magazines, books, pamphlets newsletters, printed charts, journals, guides all on the subject of cigars<br>TYPED DRAWING<br>December 24, 1996 |

These registrations are valid and subsisting, unrevoked, uncancelled, and all have acquired incontestable status pursuant to 15 U.S.C. § 1065. Copies of Certificates of Registration relating to the three registrations listed above are annexed hereto as Exhibits B, C, and D, respectively. These three marks are collectively referred to herein as the "CIGAR AFICIONADO Marks."

19. Advertising, promotion and offering of goods and services via use of the CIGAR AFICIONADO Marks by Shanken have been substantial over the years and, as a result, the CIGAR AFICIONADO Marks have acquired a substantial reputation of high quality for the goods and services as to which these marks have been and continue to be used.

20. As a result of this long and continuous use, the CIGAR AFICIONADO Marks have individually and collectively come to identify Shanken's goods and services and distinguish them from those of others, and have come to represent and symbolize substantial goodwill belonging exclusively to Shanken.

21. Over the many years that Shanken has used the CIGAR AFICIONADO Marks, Shanken has expended substantial sums in excess of $5,000,000 in advertising and promoting its services under the CIGAR AFICIONADO Marks. Such advertising has included Internet, television, radio, print advertising, including in such national newspapers as the New York Times and The Wall Street Journal, promotional and specialty items, trade shows, trade publications, and mailings sent directly to customers and potential customers. The CIGAR AFICIONADO Marks have been prominently displayed in all of these various types of advertising.

22. The CIGAR AFICIONADO Marks now enjoy enormous consumer recognition and have become famous and as a result of their distinctiveness; the duration and extent of their use; the duration and extent of the advertising and publicity that utilized them; the geographical

extent of the trading area in which they are used; the channels of trade for the services with which they are used; the degree of recognition of the CIGAR AFICIONADO Marks in the trading areas and channels of trade in which the CIGAR AFICIONADO Marks are used; the insubstantial — if not non-existent — nature and extent of the use of marks similar to the CIGAR AFICIONADO Marks in connection with goods offered by third parties; and the registrations of the CIGAR AFICIONADO Marks for goods and services on the Principal Register.

### DEFENDANTS' INFRINGEMENT OF THE WORK AND THE MARKS

23.  Defendants have infringed, and will likely continue to further infringe, Shanken's rights in and to the Work and the CIGAR AFICIONADO Marks by, among other things, prominently displaying the Work and the CIGAR AFICIONADO Marks on the www.Cigar500.com website, and incorporating the Work and the Marks into the website's promotion of Defendants' own goods in a manner that implies an endorsement of those goods by Shanken. Defendants have committed all of those acts without authorization from Shanken or any other person or entity authorized to grant such authorization.

24.  In particular, the first page that appears if a user navigates to http://www.Cigar500.com (the "Home Page") is headed *"Welcome Cigar Aficionado Readers!"*

25.  The Home Page is subdivided into several "frames," and the top frame on the right side of the Home Page contains a photographic image of the front cover of the Work, under a paragraph of text that reads:

**<u>ON SALE!</u>**
**The 6 Cuban Cigars**
***Cigar Aficionado***
**Rated 91 or Better!**
**Click Here to ORDER NOW!**

26. When the user "clicks here" as invited, he or she is redirected to a second web page (the "Offer Page") in the www.Cigar500.com domain. The Offer Page also contains an image of the front cover of the Work.

27. In addition to displaying an image of the front cover of the Work, the Offer Page bears the heading and text:

> "RATED 91 OR BETTER BY CIGAR AFICIONADO.
>
> 6 AUTHENTIC
> CUBAN CIGARS.
>
> The 6 Cubans that Cigar Aficionado calls 'Outstanding'
> showcase the best that Cuba has to offer."

28. Approximately halfway down the Offer Page, a column appears under the heading "6 Top Cuban Cigar Sampler Includes 1 of each of the following." The column contains six entries. On the left side of each entry is a "Rating," and to the right of the "Rating" is a brief narrative describing each cigar, as follows:

| | |
|---|---|
| RATED 97 | **MONTECRISTO NO. 2**<br>The classic torpedo that no one can duplicate gives you all the cedar, spice, and tobacco character you can hope for. Always draws like a dream. |
| RATED 96 | **COHIBA SIGLO VI**<br>A combination of richness and finesse gives you just the right combination of power and class. Cool smoke. |
| RATED 93 | **MONTECRISTO EDMUNDO**<br>This gets better and better with lots of spicy cedar character and a full, rich finish. |
| RATED 93 | **TRINIDAD ROBUSTO EXTRA**<br>The creamy texture and cedar notes say Cohiba, but the spicy, light earthy and vanilla flavors say Trinidad. |

    RATED 92    **HOYO DE MONTERREY PETIT ROBUSTO**
                        The Rich, toasty, and decadent character stimulates each taste bud in an elegant, creamy way. Quick satisfaction.

    RATED 91    **PARTAGAS SERIE D NO. 4**
                        This is now the biggest-selling Cuban robusto and always delivers plenty of spicy, earthy decadent character. A classic Habano.

29. Those six Ratings and narratives are <u>verbatim copies</u> of the Ratings and "tasting notes" contained on page 128 of the Work.

30. The Home Page and the Offer Page printed out from the www.Cigar500.com web site, displaying the Work and the CIGAR AFICIONADO Marks, are annexed hereto as Exhibits E and F, respectively.

31. A copy of the front cover of the Work and page 128 of the Work are annexed hereto as Exhibits G and H, respectively.

32. This wrongful conduct by Defendants, including their use of unauthorized copies of substantial portions of the Work, violates Shanken's exclusive rights under Section 106 of the Copyright Act (17 U.S.C. § 106) to reproduce, distribute, and prepare derivative works based on the Work.

33. This wrongful conduct by Defendants including their unauthorized use in commerce of names and marks confusingly similar or identical to Shanken's federally registered marks, in connection with the advertising, promotion, marketing, offering for sale, and retail sale of cigars, which is likely to cause confusion and mistake and deceive members of the public and trade as to the origin, sponsorship and affiliation of Defendants' products and business, in violation of 15 U.S.C. § 1114.

34. Additionally, the Offer Page declares that

        All Cuban cigars advertised on Cigar500.com are guaranteed original Cubans. Your cigar order will arrive in original factory

boxes. Every box is authenticated and sealed with the original Republic of Cuba "Original National Warranty Seal for Cigars and Cut Tobacco" from the originating factory in Cuba.

**GUARANTEED DELIVERY IN THE USA**

35.     Under the Trading with the Enemy Act, 12 U.S.C. § 95a, it has been a crime to import Cuban cigars into the United States since 1963.

36.     Shanken warns *Cigar Aficionado* readers of this fact on its own webpage, cigaraficionado.com:

> The law prohibiting the importing of Cuban cigars has existed for decades, but many cigar smokers remain confused over its details; a common misperception is that it's legal to import up to 100 Cuban cigars, and that they can come from any source country. The answers are no, and no. Customs has a Cuban cigar update on its Web site restating how the U.S. embargo against Cuba affects the importation of Cuban cigars.

37.     The cigaraficionado.com website also warns readers that importing Cuban cigars into the United States from <u>any</u> country is illegal:

> If you stop in a third country, or purchase Cuban goods in a third country (say, Canada), you cannot bring any Cuban products into the United States.

38.     By using the Work and the CIGAR AFICIONADO Marks to advertise "guaranteed original Cuban[]" cigars which are "GUARANTEED" to be delivered to the consumer "IN THE USA," Defendants are falsely asserting that Shanken endorses the commission of federal felonies, and are unlawfully associating Shanken's name, the Work, and the CIGAR AFICIONADO Marks with criminal behavior. Based on the foregoing, Defendants' apparent criminal activities are clearly targeted towards consumers in the United States.

39. Upon information and belief, the www.Cigar500.com website continues to be accessible on the Internet.

40. Defendants' infringement of Shanken's rights in and to the Work, including the copyright in and to the Work, has been and continues to be knowing, willful, and egregious and constitutes intentional or reckless disregard of Shanken's rights as copyright holder in and to the Work.

41. Defendants' infringement of Shanken's rights in and to the CIGAR AFICIONADO Marks, including the trademark of the CIGAR AFICIONADO Marks, has been and continues to be knowing, willful and egregious and constitutes intentional or reckless disregard of Shanken's rights as registrant and owner of the CIGAR AFICIONADO Marks.

42. Defendants' wrongful conduct has caused and is continuing to cause Shanken to suffer monetary damages in an amount to be determined at trial.

43. In addition, Defendants' wrongful conduct is causing Shanken immediate and irreparable injury and will continue to cause Shanken irreparable injury and unfairly benefit Shanken unless enjoined by this Court.

44. Shanken has no adequate remedy at law against Defendants' continued unlawful use of the Work and the CIGAR AFICIONADO Marks.

### FIRST CLAIM
### (Copyright Infringement, 17 U.S.C. §§ 501, 502 & 504(b))

45. Shanken repeats the allegations in paragraphs 1 through 44.

46. Shanken is the owner of the exclusive copyright in the Work.

47. The Register of Copyrights issued Shanken a Certificate of Copyright Registration on May 10, 2006, bearing registration number TX 6-567-937.

48. Defendants have placed images of the Work on their website, www.Cigar500.com.

49. Defendants have placed excerpts of the Work on their website, www.Cigar500.com.

50. Defendants have never received authorization from Shanken or any person authorized by him to use any image or excerpt of the Work on their website.

51. Defendants' use of the Work on their website has infringed, and continues to infringe, upon Shanken's copyright in the Work.

52. Shanken is entitled to actual damages under 17 U.S.C. § 504.

53. Defendants' infringement of Shanken's copyright in the Work was willful.

54. Shanken is entitled to statutory damages under 17 U.S.C. § 504 of up to $150,000 per occurrence.

55. Shanken is entitled to attorneys' fees and costs related to this matter under 17 U.S.C. § 505.

56. Shanken is entitled to injunctive relief pursuant to 17 U.S.C. § 502 to prevent Defendants from continuing to infringe upon its copyright in the Work, because injunctive relief is reasonable and is required to prevent or restrain continuing infringement.

## SECOND CLAIM
### (Lanham Act Trademark Infringement, 15 U.S.C. §§ 1114, § 1116)

57. Shanken repeats the allegations in paragraphs 1 through 56.

58. Shanken is the owner of federal trademark registrations for the CIGAR AFICIONADO Marks.

59. By its registration and extensive use and promotion of the CIGAR AFICIONADO Marks, Shanken has established a strong association in the public mind between the CIGAR AFICIONADO Marks and the goods and services offered by Shanken.

60. Without Shanken's authorization or consent, Defendants have used reproductions or copies of the CIGAR AFICIONADO Marks in connection with the offering for sale, distribution, or advertisement of Defendants' own goods and services.

61. Without Shanken's authorization or consent, Defendants have applied a reproduction or copy of the CIGAR AFICIONADO Marks to advertisements used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services, in a manner that is likely to cause confusion, mistake, or deception.

62. Defendants' acts of offering for sale goods and services using Shanken's CIGAR AFICIONADO Marks have, upon information and belief, caused actual confusion, mistake and deception among relevant consumers and have deceived the relevant public into believing that Defendants' goods and services are associated with Shanken, all to the damage and detriment of Shanken's reputation, goodwill and sales.

63. Defendants' unlawful acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

64. Defendants' acts have been willful, deliberate, and intended to benefit Defendants at Shanken's expense.

65. Shanken has suffered monetary damages as a result of Defendants' unlawful acts in an amount to be determined at trial.

66. However, Shanken has no adequate remedy at law to compensate it fully for the damages which would be caused by any further infringement of Shanken's mark by Defendants, unless future unlawful acts and infringements of this kind are enjoined by this Court.

67. This is an exceptional case under 15 U.S.C. § 1117.

### THIRD CLAIM
### (Lanham Act Unfair Competition, 15 U.S.C. § 1125(a))

68. Shanken repeats the allegations in paragraphs 1 through 67.

69. By misappropriating and using the CIGAR AFICIONADO Marks in their advertising, Defendants have misrepresented to the relevant public that Shanken has endorsed and sponsored Defendants' services, thereby creating a likelihood of confusion as to the source or sponsorship of Defendants' business, goods and services.

70. Defendants' unlawful conduct constitutes unfair competition and false designation of origin or sponsorship in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

71. Defendants' acts have been willful, deliberate and intended to benefit Defendants at Shanken's expense.

72. Shanken has suffered monetary damages as a result of Defendants' unlawful acts in an amount to be determined at trial.

73. However, Shanken has no adequate remedy at law to compensate it fully for the damages that have been caused by Defendants' unlawful acts and which would be caused by any further use of plaintiff Shanken's CIGAR AFICIONADO Marks by Defendants, unless future unlawful acts of this kind are enjoined by this Court.

74. This is an exceptional case under 15 U.S.C. § 1117.

### FOURTH CLAIM
### (Trademark Dilution In Violation of 15 U.S.C. 1125(c))

75. Shanken repeats the allegations in paragraphs 1 through 74.

76. The CIGAR AFICIONADO Marks are famous marks within the meaning of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and have been famous marks prior to Defendants' wrongful conduct.

77. Defendants' misuse, disparagement and tarnishment of the CIGAR AFICIONADO Marks, via the www.Cigar500.com domain name and website, for the purpose of advertising, promoting and offering Defendants' goods and/or services, including by associating those marks with Defendants' apparent criminal activities in violation of the Trading the Enemy Act, constitutes dilution in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125 (c)(1).

78. As a result of Defendants' unlawful activities, Plaintiff has been damaged in an amount to be ascertained.

79. Plaintiff has no adequate remedy at law to compensate it fully for the damages which will continue to be caused by Defendants' unlawful acts and will continue to suffer irreparable harm and injury to its goodwill and reputation unless Defendants' unlawful conduct is enjoined by this Court.

80. Defendants' conduct is knowing, intentional, malicious, deliberate, willful, wanton, reckless and egregious and is being carried out with the intent to cause confusion, mistake or deception and to injure Plaintiff.

81. Defendants' acts are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## FIFTH CLAIM
### (Defamation)

82. Shanken repeats the allegations in paragraphs 1 through 81.

83. Defendants have published the www.Cigar500.com website and its individual web pages or caused the site and pages to be published to third parties.

84. Various portions of the www.Cigar500.com website and web pages on the site concern Shanken.

85. Defendants' www.Cigar500.com website asserts and/or implies that Shanken encourages consumers to engage in criminal activities in violation of the Trading with the Enemy Act.

86. Such statements are false and defamatory.

87. Such statements are injurious to Shanken in its trade or business and are actionable per se.

88. Defendants caused these statements to be published with knowledge and/or reckless disregard of their falsity

89. Defendants' conduct has already injured and unless restrained will continue to injure Shanken, causing monetary damages to Shanken in an amount to be determined at trial, as well as irreparable injury to Shanken.

90. Shanken has no adequate remedy at law to compensate it fully for the injury that has been caused, and which will continue to be caused, by Defendants' wrongful conduct, unless this conduct is enjoined by this Court.

91. Defendants' wrongful conduct was knowing, willful, deliberate, malicious and intended to injure Shanken. Accordingly, Shanken is entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at trial.

**WHEREFORE,** Shanken demands judgment as follows:

A. Enjoining Defendants and their agents, officers, directors, principals, parents, subsidiaries, affiliates, employees, representatives, successors, assigns, and all persons acting in

concert or participation with it from further infringing or otherwise violating Shanken's rights in and to the CIGAR AFICIONADO Marks and/or the Work;

    B.     Against Defendants for:

         (1)     An accounting of all profits received from Defendants' use of the Work as provided by 17 U.S.C. § 504(b); and

         (2)     All actual damages suffered by Shanken as a result of Defendants' copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be determined at trial, presently believed to be in excess of $1 million;

         (3)     Statutory damages as provided by 17 U.S.C. § 504(c) of not less than $150,000 per occurrence;

         (4)     An accounting of all profits received from Defendants' willful and egregious use of the use of the CIGAR AFICIONADO Marks, 15 U.S.C. § 1117;

         (5)     All actual damages suffered by Shanken as a result of Defendants' unauthorized and unlawful use of the CIGAR AFICIONADO Marks in an amount to be determined at trial, presently believed to be in excess of $5 million, 15 U.S.C. § 1117;

         (6)     Trebling of actual damages suffered by Shanken as a result of Defendants' unauthorized and unlawful use of the CIGAR AFICIONADO Marks, 15 U.S.C. § 1117;

         (7)     Actual damages suffered as a result of defamation, in an amount to be determined at trial, presently believed to be in excess of $10 million;

         (8)     Punitive damages on the defamation claim in an amount to be determined at trial, presently believed to be in excess of $10 million.

    C.     For an award of costs in this action, including reasonable attorneys' fees and expenses as provided under 15 U.S.C. § 1117 and 17 U.S.C. § 505; and

    D.    For such other and further relief as this Court deems just, proper, and equitable.

Dated: New York, New York
July 21, 2008

REED SMITH LLP

By: _____
Peter D. Raymond (PR 3029)
John B. Webb (JW 9624)
Wallace B. Neel (WN 0038)
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Plaintiff
M. Shanken Communications, Inc.*

- 17 -