**<u>EXHIBIT B</u>**



# FAX
## COVER SHEET

**695 – 7 AVILA**
**PIEDMONT**
**QUEBEC  J0R 1K0**
**PHONE: 450-530-0312**
**FAX: SAME**

| SEND TO: REED SMITH | FROM: ANTHONY MASCIANGELO |
|---|---|
| ATTENTION: PETER RAYMOND | OFFICE LOCATION: PIEDMONT |
| OFFICE LOCATION: NEW YORK | DATE: MARCH 5, 2008 |
| FAX NUMBER: 212-521-5450 | PHONE NUMBER: |

| URGENT | REPLY ASAP | PLEASE COMMENT | PLEASE REVIEW | FOR YOUR INFORMATION  |
|---|---|---|---|---|

TOTAL PAGES, INCLUDING COVER: 25 27

COMMENTS:

SHANKEN VS CIGAR500.COM

REGARDING CASE NUMBER NO. 07-CIV07371 (JGK)

*From the Office of Anthony D. Masciangelo*

Page 1 of 2

Judge Koeltl
United States Courthouse
500 Pearl St., Room 1030
New York, NY 10007

Dear Judge Koeltl:

I am writing to you today to inform you that in full co-operation with the legal firm of Orrick, Herrington & Sutcliffe LLP, we will be representing ourselves Pro Se in the matter of M. Shanken Communications Inc. the Plaintiff and the Defendants Cigar500.com Inc., Anthony Masciangelo & Monique Masciangelo.
Orrick and our attorney Lisa Simpson have served us very well but we can no longer afford the legal expense which this matter requires to move forward.

I beg the courts patience in this matter. I am aware by defending ourselves pro se we lack the professional protocol, yet I wish to assure the court that I will conduct myself in an organized, and respectful fashion. My personal background as past President of one of the largest home owners association in Canada, past President of an equity golf course and the managing of different companies through my career gives me sufficient insight into how one should conduct themselves in such matters before this court.

I have attempted to format our responses to documents in a fashion suitable to the courts and will review information posted on the Court's website regarding appearing in federal court as a pro se litigant. I also have the phone number for the pro se office and the name of your assistant, Daniel Patrick Moynihan.

Please find attached our response to the Plaintiffs opposition to our motion to dismiss. I have forwarded a copy of this letter to Mr. Moynihan so he can update the contact information for his files and have also copied the Plaintiffs lawyers.

As a final note, we also request an oral argument if you find that you require such. I will not be available to travel until well into April and if you require my attendance I will be in communication with Mr. Moynihan to coordinate.

Regards,

Anthony D. Masciangelo
President, Cigar500.com Inc.

Page 2 of 2

Cc: Daniel Patrick Moynihan – United States Court House
    Peter D. Raymond – Attorneys for the Plaintiff


To:  Mr. Moynihan & Mr. Raymond – Contact information for your records.

Anthony Masciangelo
695 - 7 Chemin Avila, Suite 302
Piedmont, Quebec Canada
J0R 1K0

Phone # 450-530-0312

United States District Court
Southern District of New York

M. Shanken Communications Inc.,

           Plaintiff,

    Against

Cigar500.com Inc., Anthony Masciangelo, and
Monique Masciangelo

           Defendants.

No. 07-CIV07371 (JGK)

Defendants Memorandum in Reponse
To the Plaintiffs Opposition to the Defendants
Motion to dismiss

Defendants also request
An Oral Argument

                    Anthony Masciangelo, Pro se
                    695 - 7 Avila, Suite 302
                    Piedmont Quebec Canada
                    J0R 1K0
                    450-530-0312

Defendants Cigar500.com Inc., Anthony Masciangelo and Monique Masciangelo
(collectively, Defendants) submit this memorandum in support of its motion to dismiss
and in response to the plaintiff's response in opposition.

**Preliminary Statement**

In an effort to clarify the issues I will make reference to a number of exhibits attached.

In the spring of 2007 Shanken Communications Inc. aggressively pursued Cigar500.com Inc. to purchase advertising space in a magazine controlled by the Plaintiff – **Cigar Aficionado.**

Representing Shanken Communications Inc. (Cigar Aficionado) was the Associate Publisher, Mr. Barry Abrams. A two year contract ($205,750.00 commitment by Cigar500.com Inc.) was agreed to by both parties. The contract was executed in Toronto Canada. (Insertion Order Contract attached as an exhibit). Cigar500.com Inc. was to be the first retailer and more important, the **first online retailer** to advertise in the Cigar Aficionado Magazine. The reason given by Mr. Abrams for pursuing Cigar500.com was due to our very strong branding efforts.

To place this contract in its proper perspective – the industry would consider this contract a major business transaction. The advertising placed in the Cigar Aficionado Magazine would have propelled Cigar500.com Inc. into the millions of dollars of sales and profits. Even within the Plaintiff's Preliminary statement they quote "Cigar Aficionado magazine --- an authoritative source among cigar smokers".

It should also be noted that the first advertisement of Cigar500.com in the July/August 2007 issue of Cigar Aficionado encourage over 11,000 consumers who either registered or made a purchased on the site.

The correspondence between Richard (Dick) Pearlstein, **(advertising agency in New Jersey representing Cigar500.com)** is evidence to the extent and commitment that Shanken Communications Inc. promised to Cigar500.com Inc.

**Exhibit 1** – Memo – April 02, 2007 - from Barry Abrams ( Reference to Michael Atwood - website developer for Cigar Aficionado)

- Abrams makes reference to Cigar500.com also participating in the Cigar Aficionado web site. (cross promoting).
- Abrams makes reference to his concern that we – a Canadian site – making reference to Cuban Cigars (**Shanken fully aware that Cigar500.com also sells Cuban Cigars**). Concerned that we do not run a Cuban Cigar advertisement , yet the magazine can drive consumers to the Cigar500.com site – Abrams quote **"Once someone goes to your website, you can talk about Cuban cigars all day long"**. Therefore the plaintiffs concern regarding the defamation of Shanken and that Cigar500.com is encouraging violations of the Trading with the Enemy Act is false. They, Shanken are completely aware of our selling Cuban cigars on a Canadian site and that the sale of Cuban Cigars by a Canadian company is lawful.
- It should also be noted that Shanken Communciations magazine has, since its conception, promoted Cuban Cigars on a regular basis - a person only need pick up any issue since its conception. A Cigar Magazine cannot exist without mention of Cuban Cigars.

- Furthermore, the front cover of Cigar Aficionado displays the Cuban cost for purchasing the magazine. It is Shanken Communications who are promoting to Cubans and is in violation of the Trading with the Enemy. Example: June 2007 issue See prices on the UPC code bar. **See exhibit 1A**
- In the same issue note that the owner of Cigar Aficionado is photographed in his magazine on page 23 in his private humidor (gentleman with cigar in mouth). Make reference to the boxes of Cuban cigars, specifically Montecristo Cuban. The color of the box is unmistakable Cuban.

Exibit 2 – Memo – April 04, 2007 -  from Barry Abrams

- Further proof that Shanken wishes Cigar500.com to purchase ad space in there magazine. Also offering Cigar500.com additional programs to consider.

Exibit 3 – Memo – April 12, 2007 -  from Barry Abrams

- Again, further proof that Shanken wises Cigar500 to purchase ad space in there magazine. Also offering Cigar500.com additional programs to consider.
- In this memo Shanken lays out the different costs and programs available to Cigar500.com Inc.

Exibit 4 – Memo – April 23, 2007 -  from Barry Abrams

- **Barry Abrams informing his staff that Shanken Communications and Cigar500.com Inc. in the process of establishing a new and long-term relationship.** In order for one to establish a new and long-term relationship one needs to understand ones business profile and how they operate. Shanken fully understood our long-term plans.

Exibit 4 – Memo – April 23, 2007 -  from Barry Abrams

- Barry Abrams informing his staff – Cigar500.com Inc. transferring funds for the first 1 page ad in Cigar Aficionado – July/August 2007 issue

Exibit 5– Insertion Order – Cigar Aficionado

- Cigar500.com Inc. purchases 3 ads in 2007. Each ad costs $20, 570.00.
- Plus 6 ads in 2008 – each ad costs $20,570.00.  Total ad cost for the 2007 and 2008 period - $205,700.00.

Exibit 6 – Barry Abrams Personal stationary

- Barry Abrams hand written  note - **welcoming Cigar500.com.** This note gives us the idea to welcome Cigar Aficionado customers to our site. Mr. Abrams agrees. We are authorized to welcome Aficionado customers.

Exibit 7 & 8 – Memos from Abrams to Shanken staff and Perlstein

- These are memos discussing the website programs that would appear on the Cigar500.com site to support the advertising expense. This would include all the copyright and trademark material mentioned in the plaintiffs claim. All the images and quotations of the particular cigars and the ratings of such cigars. PLEASE NOTE - IT WAS SHANKEN STAFF WHO PROVIDED THE MATERIAL CIGAR500.COM REQUIRED TO PLACE ON ITS SITE.

- Furthermore, Barry Abrams and Richard Perlstein can testify to these facts and that Cigar500.com Inc was given authorization to place the images and copy in its promotional program.

- **Also important to note – the program and copy right/trademark issue only ran on the Cigar500.com website during the duration of the July/August issue of Cigar Aficionado. 2 1/2 months . It was turn off sometime in mid September.**

On June 13, 2007 I was informed by the distributor for Ashton Cigars (The David Cigar Company in Canada) that Mr. Robert Levine – President of Ashton Cigars & Holts had contacted Mr. Shanken of Shanken Communications Inc. I was told by the David Cigar Company representative that a very upset Mr. Levine insisted that he, Mr. Shanken cancel the Cigar500.com advertising contract. I was not privy to the conversation – this is what Mr. Levine told the David Cigar Company representative , who in turn informed me.

It should be noted that Mr. Levine is a large advertiser in Cigar Aficionado and is also a competitor of Cigar500.com. Mr. Levine controls a competitive website called HOLTS.COM.

An effort was made by Cigar500.com to control the damage by contacting Mr. Shanken directly – no return call. A call was placed to Mr. Abrams who informed us that he would not honor the balance of the contract and that he was instructed to have no further communication with Cigar500.com.

On July 31, 2007 Cigar500.com Inc initiated a lawsuit against Shanken Communications Inc. and the Ashton Cigar Company in Ontario Canada, where Cigar500.com inc. is located and where the contract was executed by fax. Without notice Shanken cancelled a two year agreement . Shanken without any care or concern of the enormous expense Cigar500.com incurred prior to the placement of these ads and the lost of present and future profits. Please note there are further documents submitted to the courts in Toronto Canada further evidence of the legitimate claim Cigar500.com Inc. has against Shanken.

The suit in Canada against both Shanken & Ashton are for Breach of Contract, Intentional Interference with a contractual relationship and inducing the Breach of Contract.

Shanken has accepted Toronto Canada jurisdiction along with a co-conspirator Ashton Cigar Company. Ashton is a Cigar Company in Philidelphia USA and controls and markets a competitive site to Cigar500.com (Holts.com)

Shanken and Ashton combined their efforts to try and have a number of issues in the Cigar500.com claim dismissed and had their motion for dismissal denied in the Toronto Canada courts.

Since then Cigar500.com have attempted to try and reach a settlement with Shanken without a positive response from Shanken.

This court should be aware that Shanken is exploiting and abusing the United States courts by using this particular complaint as a retaliatory move to intimidate Cigar500.com , a Director of the company Anthony Masciangelo and his wife Monique. I am not aware of the laws in the New York Federal Courts regarding this sort of misuse of the court system but in Canada it is unacceptable and large fines are placed upon individuals who attempt to abuse the legal system.

Most recently Ashton is attempting to use the same tactics that Shanken is applying. They have issued a complaint in the Philadelphia courts - sometime in January 2008 and revised in February 2008 against Cigar500.com and have tried to serve myself and my wife with the similar complaint. Again, this company is failing its attempts to resolve the Toronto Canada matter and is using the Philadelphia court system to intimidate Cigar500.com and the individuals in this matter.

**Regarding Monique Masciangelo – Credit Card issue.**

Monique's sworn statement is factual. **Back in 2001**, I Anthony Masciangelo registered a number of websites on Network Solutions unrelated to the cigar industry – examples (shoptuscans.com – sale of leather products. Shopviva.com – sale of women fashion products). **The Cigar500.com site was not registered until 2006.**

The Visa credit card contract is my **personal contract with Visa** and **Monique happens to be a supplementary card holder** to my agreement with Visa. It happen that back in 2001 when I registered our first domain name I had inadvertently used Moniques card number. When the Network Solutions operator mentioned that it was Monique's name on the card, I authorized the use(I am the primary card holder). During the years I would register other domain names and it happen to be that Network Solutions would use the same card number which happen to be under Monique's name. We never thought twice

of changing it, for it only came up when we noticed that Cigar500.com was registered to her. In turn Monique assigned its rights to Cigar500.com and held in trust for Cigar500.com Inc. The trust agreement was executed because Cigar500.com Inc had other shareholders and therefore this was consider an asset.

Please refer to Exhibit #9 – I have attached a copy of a recent card statement. My card number is clearly listed. Monique's card number is available upon request - you will note her transaction circled. I can have Visa clearly note in written form that her card number is a supplementary card issued to her and authorized by me personally.

Furthermore, if the courts require it, I can have other sworn statements that Monique Masciangelo has no involvement with Cigar500.com Inc. **Also please refer to Orrick's original motion to dismiss.**

Again, Shanken's tactics have caused great stress against my wife, an innocent person and would ask this court to have this complaint against her dismissed and would further ask the court to have Shanken Communication pay her legal fees.

**Regarding Anthony Masciangelo**

I am a Director of the corporation Cigar500.com Inc. I have conducted the affairs of the company in a very professional manner. My background in sales/marketing and management spans over 32 years. I am aware of copyright & trademark laws and the importance of complying with all rules and regulations. I would not jeopardize the companies reputation or expose the company to litigation or fines for executing acts of copyright and trademark infringements – to be repetitive I had authorization to place those images and copy on the Cigar500.com website.

As a director of a legal corporation I am protected by law against such claims. Shanken's attempt to pierce the corporate veil is another attempt to intimate and would ask the court to have me dismissed from this claim. **Also please refer to Orrick's original motion to dismiss.**

**Conclusion**

The Plaintiffs opposition should be denied. Furthermore, the courts have the discretion of issuing an order instructing Shanken to pay for all legal fees incurred by the Defendant in this matter.

Dated:  Piedmont, Quebec Canada
        March 5, 2008

                              By: _____
                                  **Anthony Masciangelo**
                                  695 - 7 Chemin Avila, Suite 302
                                  Piedmont, Quebec Canada
                                  J0R 1K0

                                  Phone # 450-530-0312


                              Copies to:

                              Daniel Patrick Moynihan / Judge Koeltl
                              United States Courthouse
                              500 Pearl St., Room 1030
                              New York, NY 10007
                              Fax: (212) 805-7912

                              Reed Smith LLP
                              Peter D. Raymond
                              599 Lexington Avenue
                              New York, New York 10022
                              (212) 521-5400