IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M. SHANKEN COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> – against – <br><br> CIGAR500.COM INC. AND ANTHONY MASCIANGELO, <br><br> Defendants. | 07-Civ.-7371 (JGK) <br><br> **DECLARATION OF LISA T. SIMPSON IN REPLY TO SHANKEN'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND THE DECLARATION OF PETER D. RAYMOND, DATED SEPTEMBER 2, 2008** |

I, Lisa T. Simpson, declare:

1. I am a member of the Bar of this Court and the firm Orrick, Herrington & Sutcliffe LLP ("Orrick"), attorneys of record for defendant Cigar500.com Inc. ("Cigar500"). Yesterday, we received papers filed by M. Shanken Communciations, Inc. in opposition to Mr. Masciangelo's motion to dismiss based on *forum non conveniens*. Those papers, and particularly the declaration of Peter D. Raymond, contain several grossly inaccurate statements that warrant correction. I therefore submit this declaration to correct those misstatements.

2. First, Orrick had <u>absolutely no involvement</u> in the preparation of Mr. Masciangelo's motion papers and in fact advised that the motion (as we understood it would be styled) would not be appropriate at this time. When we received the papers from Mr. Masciangelo for the first time <u>after they had been filed</u>, we noticed that they contained Orrick's footer. I immediately called Mr. Masciangelo to ask why that footer appeared on his document, and he explained that he had used another document that Orrick had previously sent him as a

shell in which to draft his papers and the footer merely carried over.

3. Second, as Mr. Raymond describes, I did speak with him after Reed Smith received Mr. Masciangelo's papers. I informed Mr. Raymond that I was aware that Mr. Masciangelo was planning to file a motion for *forum non conveniens* on his own behalf. Despite Mr. Raymond's suggestion to the contrary, I did not know that Mr. Masciangelo planned to seek relief on behalf of Cigar500, nor did I tell Mr. Raymond that I was aware that Mr. Masciangelo was doing so. I also informed Mr. Raymond that I had not yet reviewed the contents of Mr. Masciangelo's papers. When Mr. Raymond advised me that they purported to seek relief on behalf of Cigar500, I immediately responded that any attempt by Mr. Masciangelo to seek relief on behalf of Cigar500 would be improper and was likely a mistake on behalf of Mr. Masciangelo's part. Mr. Raymond asked me if we intended to "do anything" on Cigar500's behalf, which I understood to ask whether we would be joining the motion, and I advised him that we would not be doing so at that time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 3, 2008, at New York, New York

*[signature]*
Lisa T. Simpson

2